## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, as )
Liquidating Agent of U.S. Central Federal )
Credit Union, Western Corporate Federal )
Credit Union, Members United Corporate )
Federal Credit Union, and Southwest )
Corporate Federal Credit Union, )
     )      Case No.11-cv-2341 EFM/JPO
             Plaintiff, )
     )
v. )
     )
J.P. MORGAN SECURITIES LLC., J.P. )
MORGAN ACCEPTANCE )
CORPORATION I, AMERICAN HOME )
MORTGAGE ASSETS LLC, INDYMAC )
MBS, INC., and BOND SECURITIZATION, )
LLC, )
     )
             Defendants. )
     )

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff National Credit Union Administration Board ("NCUA") respectfully submits this Notice to inform the Court of *Massachusetts Mutual Life Ins. Co. v. Residential Funding Co., LLC*, C.A. Nos. 11-30035-MAP et al., 2012 U.S. Dist. Lexis 17864 (D. Mass. Feb. 14, 2012) ("*MassMutual*").

*MassMutual* supports denial of defendants' pending motions to dismiss. The court in *MassMutual* denied motions to dismiss nine complaints for investments in residential mortgage-backed securities ("RMBS") certificates "between 2005 and 2007." *Id.* at \*8. Two complaints were brought against RMBS underwriters and issuers JP Morgan[1] and RBS[2], primary defendants in the

---

[1] J.P. Morgan Securities LLC and J.P. Morgan Acceptance Corporation I, who are defendants before this Court in No. 11-cv-2341, were defendants in *MassMutual*. *See* 2012 U.S. Dist. Lexis 17864, at \*3.

[2] RBS Securities Inc., Financial Asset Securities Corp., and Greenwich Capital Acceptance, Inc. (under the name RBS Acceptance Inc.), who are defendants before this Court in No. 11-cv-02340,

two NCUA cases currently before this Court.  The *MassMutual* court rejected arguments raised by JP Morgan and RBS that are virtually identical to their arguments to this Court.  As with NCUA's state claims in this Court, MassMutual's claims arose under state securities law based on § 12 of the federal Securities Act of 1933, which "does not require a plaintiff to plead that a defendant acted with scienter."  *Id.* at *14-15; *see id.* at *17 ("Plaintiff does not need to prove negligence, scienter, reliance, or loss causation" and "the buyer has no duty to investigate or verify a statement's accuracy").[3]

Only two of the nine complaints in *MassMutual* cited to "internal documents and witness testimony."  *Id.* at *24.  But the court held that all nine complaints satisfied Rule 8(a)'s notice pleading standard because each alleged "specific practices of abandoning guidelines and . . . 'link[ed] such practices with specific lending banks,'" including with allegations of "poor performance of the loans."  *Id.* at *24-25 (quoting *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 773-74 (1st Cir. 2011)); *see also id.* at *25-31 (holding that alleged misrepresentations concerning appraisal standards and loan-to-value ratios stated actionable claims). NCUA's complaint here plausibly alleges the same types of facts and links the alleged systematic disregard of underwriting standards to specific originators.

The court also rejected defendants' claim that poor loan performance was "due solely to the economic downturn" because it presented "a question of fact that cannot be resolved on a motion to dismiss."  *Id.* at *25.  It likewise rejected defendants' reliance on certain disclosures about loan risks in the offering documents, holding that such "warnings and disclosures cannot defeat . . . the

---

were defendants in *MassMutual.  See id.* at *3.

[3] The court also held that even allegations that defendants knew certain misrepresentations were false when made did not require compliance with the heightened pleading requirements of Rule 9(b), because the cause of action alleged did not require pleading or proof of scienter.  *See id.* at *15-16.  It reasoned that "the mere allegation that Defendants knew of the appraisals' inaccuracy . . . is not enough to constitute an allegation of fraud."  *Id.* at *16.  NCUA's claims here likewise require no scienter.

claims here . . . based on 'wholesale abandonment of underwriting standards.'" *Id.* at *23 (quoting *Plumbers' Union*, 632 F.3d at 773).[4]

In addition, with respect to the statute of limitations, the court found that inquiry notice was not created by "newspaper articles, industry publications, and government reports that were publicly available before early 2007." *Id.* at *41.  The court held that those publications "provided only generalized reports on the industry, did not discuss Defendants' practices specifically, and did not alert Plaintiff to potential fraud in any specific securitization it had purchased." *Id.* at *42.  The court likewise rejected defendants' claim that inquiry notice arose by virtue of post-sale data showing poor loan performance combined with warnings in the offering documents of "increasing loan defaults, depreciation of appraisal values, and problems with loan originators," reasoning that those facts "did not put Plaintiff on notice that the specific underwriting and appraisal practices represented in the offering materials were false." *Id.* at *42-43.  Defendants' invocation of the statute of limitations here should be rejected for similar reasons.

---

[4] The court's opinion also contained a lengthy footnote distinguishing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010), on which JP Morgan and RBS have relied before this Court.  *See MassMutual*, 2012 U.S. Dist. Lexis 17864, at *21-22 n.7 ("[T]he holding in *Lone Star*, on which Defendants exclusively rely, is limited to cases involving a small number of correctable mistakes, and courts have refused to allow such clauses to defeat claims of the type of widespread misrepresentation alleged here.").

Dated:  February 21, 2012             Respectfully submitted,

STUEVE SIEGEL HANSON LLP


/s/ Rachel E. Schwartz
Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

Mark C. Hansen
David C. Frederick
Wan J. Kim
Joseph S. Hall
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
mhansen@khhte.com
dfrederick@khhte.com
wkim@khhte.com
jhall@khhte.com

George A. Zelcs
KOREIN TILLERY, LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Fax: (312) 641-9751
GZelcs@koreintillery.com

Stephen Tillery
Douglas Sprong
Peter Rachman
Diane Moore
KOREIN TILLERY, LLC
One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO 63101-1625
Phone: (314) 241-4844
Fax: (314) 241-3525
STillery@koreintillery.com
DSprong@koreintillery.com
PRachman@KoreinTillery.com
DHeitman@koreintillery.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2012, I electronically filed the foregoing with the Clerk

of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel

of record.

/s/ Rachel E. Schwartz
Attorney for Plaintiff