# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

------------------------------------------------------------------------- x
NATIONAL CREDIT UNION ADMINISTRATION :
BOARD, as Liquidating Agent of U.S. Central Federal :
Credit Union, Western Corporate Federal Union, Members :
United Corporate Federal Credit Union, and Southwest :
Corporate Federal Credit Union, :
: CIVIL ACTION
          Plaintiff, : CASE NO. 11-cv-2341 EFM/JPO
:
v. :
:
J.P. MORGAN SECURITIES LLC, J.P. MORGAN : ORAL ARGUMENT
ACCEPTANCE CORPORATION I, AMERICAN HOME : REQUESTED
MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and :
BOND SECURITIZATION, LLC, :
:
:
          Defendants. :
------------------------------------------------------------------------- x

## J.P. MORGAN DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

The J.P. Morgan Defendants[1] respectfully submit this Notice of Supplemental Authority in further support of their October 27, 2011 Motion to Dismiss the Complaint in this action to bring to the Court's attention the March 29, 2012 decision in New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc., No. 08 Civ. 5310 (DAB), ECF No. 135 (S.D.N.Y. Mar. 29, 2012) ("NovaStar II"), a copy of which is attached as Exhibit A to this notice.

In NovaStar II, Judge Deborah A. Batts of the United States District Court for the Southern District of New York dismissed with prejudice plaintiff's claims under Sections 11,

---

[1] Defined terms have the same meaning as in the J.P. Morgan Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("JPM Reply Br.").

12(a)(2) and 15 of the Securities Act of 1933, finding insufficient as a matter of law substantively identical allegations to those asserted in this action of the "systematic disregard" of underwriting guidelines.[2]  (Compare, e.g., NovaStar II, at 9-10, with Compl. ¶¶ 113-15, 196, 203-05, 208, 212, 224, 238 (alleging improper granting of underwriting exceptions); ¶¶ 139, 201, 208, 210, 223, 235 (alleging failure to obtain required documentation from borrowers); ¶¶ 137, 170-71, 196, 200 (alleging failure to assess reasonableness of borrower representations for reduced documentation loans); ¶¶ 139, 201-02, 206-11, 223 (alleging inadequate monitoring of compliance with underwriting guidelines).)  Applying the pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the court concluded, in relevant part:

> The [complaint] does not cite one specific loan that should not have been included in the [offering at issue].  In fact, Plaintiff does not cite any example of a loan that failed to meet the underwriting guidelines and ended up in the [offering] loan pool, let alone the specific loans which secured Plaintiff's investment in the [certificates].  The general allegations and anecdotes of former [employees of defendants] alone do not indicate there were material misstatements or omissions in the offering documents concerning the origination of the loans backing the [offering].
>
> . . . .
>
> Plaintiff does not provide details that would tie its claim of loosened underwriting guidelines to the specific loans that secured the [certificates] that Plaintiff bought.  Instead, Plaintiff relies on general allegations of alleged underwriting lapses without tying any of them to the loans that secured Plaintiff's investment in the [certificates].

NovaStar II, at 6, 11-13.  (See also JPM Br. at 2, 18-19; JPM Reply Br. at 7.)

The court rejected as insufficient and refuted by express disclosures in the offering documents allegations similar to those asserted here (see, e.g., Compl. ¶¶ 113-15, 196,

---

[2] Indeed, the Board's allegations regarding NovaStar's underwriting practices merely repeat the very allegations rejected by the court in NovaStar II.  See Compl. ¶¶ 220-26.

2

203-05, 208, 212, 224, 238), i.e., that defendants failed to warn investors that mortgage originators "improperly granted exceptions" to loan underwriting guidelines:

> [T]he [prospectus supplement] explained that the underwriting guidelines conferred discretion on the underwriters to deviate from the guidelines where in the underwriter's judgment there were compensating factors.  Plaintiff has not alleged facts to show one instance of [defendant] granting an exception where it didn't believe compensating factors existed that warranted the exception.  Plaintiff does not allege sufficiently that [defendant] did not believe an exception was warranted as to any loan it approved.

NovaStar II, at 12 (internal citation omitted).  (See also JPM Br. at 5-6, 19.)

The court also held that, given disclosures in the offering documents similar to those in the offering documents in this action (compare, e.g., NovaStar II, at 14-15, with JPM Br. Ex. 18 at A.3-A.9, A.11), and "the 'total mix' of information available to Plaintiff at the time it purchased the [certificates at issue]" (compare NovaStar II, at 15, with JPM Br. at 6-11, 29), the complaint failed to plead that any alleged non-disclosures were material:

> These extensive disclosures in the Prospectus and the [prospectus supplement] render Plaintiff's conclusory allegations "immaterial as a matter of law because it cannot be said that any reasonable investor could consider them important in light of adequate cautionary language set out in the same offering."

NovaStar II, at 15 (quoting Halperin v. eBanker USA.com, 295 F.3d 352, 357 (2d Cir. 2002)).

(See also JPM Br. at 3, 28-30; JPM Reply Br. at 10-11.)

Dated:  April 4, 2012

                                   Respectfully submitted,

/s/  John W. Shaw
John W. Shaw (KS # 70091)
Thomas P. Schult (KS # 70463)
Jennifer B. Wieland (KS # 22444)
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
(816) 561-7007 (tel.)
(816) 561-1888 (fax)
jshaw@berkowitzoliver.com
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com

Of Counsel

Daniel Slifkin (NY # 2439768 )
dslifkin@cravath.com
Michael A. Paskin (NY # 2767507 )
mpaskin@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000 (tel.)
(212) 474-3200 (fax)

Counsel for Defendants J.P. Morgan
Securities LLC, J.P. Morgan Acceptance
Corporation I and Bond Securitization, LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 4th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                /s/ John W. Shaw
                Counsel for Defendants J.P. Morgan
                Securities LLC, J.P. Morgan Acceptance
                Corporation I and Bond Securitization, LLC