**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union, <br><br> Plaintiff, <br><br> v. <br><br> J.P. MORGAN SECURITIES LLC., J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC, <br><br> Defendants. | Case No. 11-cv-2341 EFM/JPO |

**PLAINTIFF'S RESPONSE TO J.P. MORGAN DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING *NOVASTAR***

Plaintiff National Credit Union Administration Board ("NCUA") respectfully submits this response to J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, and Bond Securitization, LLC's (collectively "J.P. Morgan") Notice of Supplemental Authority and accompanying exhibit (D.E. 49 & 49-1, Apr. 4, 2012), regarding *New Jersey Carpenters Health Fund v. NovaStar Mortgage, Inc.*, No. 08-cv-5310 (S.D.N.Y. Mar. 29, 2012). That decision simply rehashes the earlier ruling in the same case, *New Jersey Carpenters Health Fund v. NovaStar Mortg., Inc.*, No. 08-cv-5310, 2011 WL 1338195 (S.D.N.Y. Mar. 31, 2011), which the parties have already discussed extensively in the briefs. *See* J.P. Morgan Opening Br. at 18, 20, 21 (D.E. 29, Oct. 27, 2011); J.P. Morgan Reply Br. (D.E. 40, Jan. 25, 2012) at 4, 7-8; NCUA Opposition Br. (D.E. 39, Dec. 23, 2011) at 18-19.

And just like that earlier ruling, the new *NovaStar* ruling is a dramatic outlier not only compared to numerous other decisions across the country, but also within its own judicial district, where courts have denied at least eleven analogous motions to dismiss.[1]  All of these decisions are inconsistent with *NovaStar*'s imposition of a heightened pleading requirement that is contrary to notice pleading under Rule 8(a).  Indeed, *NovaStar* cited *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, 2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010), for the proposition that origination practices must be plead with specificity – even though *Footbridge* involved a claim under 10(b) of the Securities Exchange Act of 1934, which is subject to the heightened pleading requirements of Rule 9(b).  Applying this incorrect standard, *NovaStar* would require a complaint to specifically plead defects in particular loans (in a security that might contain thousands of loans), despite near uniform authority to the contrary.[2]  *NovaStar* is also contrary to Tenth Circuit precedent holding that the materiality of

---

[1] *See In re Bear Stearns Mortgage Pass-Through Certificates Litig.*, No. 08-CV-8093 (LTS), 2012 WL 1076216 (S.D.N.Y. Mar. 30, 2012); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 810 F. Supp. 2d 650, at 656, 672-73 (S.D.N.Y. 2011); *Employees' Ret. Sys. v. J.P. Morgan Chase & Co.*, 804 F. Supp. 2d 141, 152-53 (S.D.N.Y. 2011); *Public Emps.' Ret. Sys. of Miss. v. Goldman Sachs Group, Inc.*, 09-cv-1110, 2011 WL 135821, at *3, *9-11 (S.D.N.Y. Jan. 12, 2011); *New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC*, 720 F. Supp. 2d 254, 257, 270 (S.D.N.Y. 2010); *IndyMac Mortg.-Backed Sec. Litig.*, 718 F. Supp. 2d 495, 509, 513 (S.D.N.Y. 2010); *Public Emps. Ret. Sys. of Miss. v. Merrill Lynch*, 714 F. Supp. 2d 475, 483 (S.D.N.Y. 2010); *Tsereteli v. Residential Asset Securitization Trust*, 692 F. Supp. 2d 387, 392 (S.D.N.Y. 2010); *In re Lehman Bros. Sec. & ERISA Litig.*, 684 F. Supp. 2d 485, 493 (S.D.N.Y. 2010), *aff'd sub nom. In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167 (2d Cir. 2011); *New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, 08 Civ. 5653, 2010 WL 1473288, at *6 (S.D.N.Y. Mar. 29, 2010); *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, 08 CV 8781, 2010 WL 1257528, at *6 (S.D.N.Y. Mar. 31, 2010).  *See also Plumbers' Union Local No. 12 v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 772-74 (1st Cir. 2011); *Mass. Mut. Life Ins. Co. v. Residential Funding Co., LLC*, --- F. Supp. 2d ---, No. 11-CV-30035-MAP, 2012 WL 479106 at *5 (D. Mass. Feb. 14, 2012); *Genesee Cnty. Emps.' Ret. Sys. v. Thornburg Mortg. Sec. Trust 2006-3*, CIV 09-0300, 2011 WL 5840482, at *68-69 (D.N.M. Nov. 12, 2011); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, CV 08-1418, 2010 WL 6617866, at *6-7 (E.D.N.Y. Dec. 23, 2010); *Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates, Series AR1*, 748 F. Supp. 2d 1246, 1255 (W.D. Wash. 2010).

[2] *See, e.g., Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2:10-CV-0302, 2011 WL 4389689, at *17 (C.D. Cal. May 5, 2011) (Pfaelzer, J.) ("The Court disagrees that Plaintiffs must identify specific loans that were issued by deviating from the underwriting guidelines. . . . In effect, Plaintiffs allege that the misstatements and omissions were made with respect to all of the loans, and all of the loans

a misstatement is a question for the trier of fact and generally inappropriate to decide as a matter of law.[3]

In sum, the second *NovaStar* opinion confirms that the *NovaStar* court remains a lone outlier. The Court should follow the reasoning of virtually every other court to consider the issue and decline to follow *NovaStar*.

---

were issued by deviating from the underwriting guidelines."); *Employees' Ret. Sys. of the Gov't of the Virgin Islands*, 804 F. Supp. 2d at 152 (S.D.N.Y. 2011) (same); *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 971-72 (N.D. Cal. 2010) (same).

[3] *See SEC v. Cochran*, 214 F. 3d 1261, 1267 (10th Cir. 2000) ("materiality is primarily a factual inquiry" and is to be resolved as a matter of law only where the information "so obviously important [or unimportant] to an investor, that reasonable minds cannot differ on the question of materiality") (internal quotation marks omitted); *Garcia v. Cordova*, 930 F. 2d 826, 829 ( 10th Cir. 1991) (same); *In re Sprint Corp. Sec. Litig.*, 232 F. Supp. 2d 1193, 1215-16 (D. Kan. 2002) ("materiality is a mixed question of law and fact and ordinarily should be reserved for the trier of fact"); *see also Boilermakers*, 748 F. Supp. 2d at 1254 (citing *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995)).

Dated:     April 5, 2012

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

George A. Zelcs
KOREIN TILLERY, LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Fax: (312) 641-9751
GZelcs@koreintillery.com

Stephen Tillery
Douglas Sprong
Peter Rachman
Diane Moore
KOREIN TILLERY, LLC
One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO 63101-1625
Phone: (314) 241-4844
Fax: (314) 241-3525
STillery@koreintillery.com
DSprong@koreintillery.com
PRachman@KoreinTillery.com
DHeitman@koreintillery.com

/s/ Rachel E. Schwartz
Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

Mark C. Hansen
David C. Frederick
Wan J. Kim
Joseph S. Hall
Scott K. Attaway
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
mhansen@khhte.com
dfrederick@khhte.com
wkim@khhte.com
jhall@khhte.com

*Attorneys for National Credit Union*
*Administration Board*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By:  /s/ Rachel E. Schwartz

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,
as Liquidating Agent of
United States Central Federal Credit Union
Western Corporate Federal Credit Union
Members United Corporate Federal Credit Union,
and Southwest Corporate Federal Credit Union