IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>     Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC., J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.11-cv-2341 EFM/JPO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NCUA RESPONSE TO J.P. MORGAN'S NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING *CREDIT SUISSE SECURITIES v. SIMMMONDS*

Plaintiff National Credit Union Administration Board ("NCUA") respectfully submits this response to the J.P Morgan defendants' ("JP Morgan") Notice of Supplemental Authority (Doc. 48) concerning *Credit Suisse Securities (USA) LLC v. Simmonds*, --- S. Ct. ---, No. 10-1261, 2012 WL 986812 (U.S. Mar. 26, 2012). *Simmonds* does not support JP Morgan here in any way.

*Simmonds* concerned a different statute than those at issue here. Under 15 U.S.C. § 78p(b), suits for disgorgement of short-swing profits must be brought within "two years after the date such profit was realized." In *Simmonds*, the Court found that this language was inconsistent with the Ninth Circuit's holding that this limitations period should be tolled until the alleged profiteer later filed a disclosure statement required by statute, "regardless of whether the plaintiff knew or should have known of the conduct at issue." *Simmonds*, 2012 WL 986812, at *3 (internal quotation marks

omitted). The Court reasoned that Congress could have triggered the limitations period from the disclosure rather than realization of the profit, and that any "equitable tolling" would have to consider the plaintiff's knowledge and diligence. *See id.* at *4-5.

**1.** JP Morgan mistakenly claims that *Simmonds* supports JP Morgan's reading of the extender statute, 12 U.S.C. § 1787(b)(14)(A). No textual parallel exists between those unrelated provisions, and JP Morgan provides none. The extender statute plainly applies to federal and state statutory securities claims, as courts have ruled, because statutory securities claims have long been viewed as sounding in tort, and because Congress intended the extender statute to be broadly applied in order to preserve claims brought by this federal entity. *See* NCUA Opp. at 43-44.

**2.** JP Morgan likewise errs in claiming (at 2) that "the extender statute applies only to extend procedural statutes of limitations, not statutes of repose." As an initial matter, JP Morgan has waived this argument by failing to assert it in JP Morgan's memorandum supporting its motion to dismiss. *See* Doc. 29, at 40-41. In any event, § 13 of the Securities Act of 1933 combines both limitation and repose periods under a single title, "Limitation of Actions." 15 U.S.C. § 77m. So, too, do the state statutes relevant to NCUA's claims, *see* Cal. Corp. Code § 25506 ("Limitation of actions"); 815 Ill. Comp. Stat. Ann. 5/13(D)(2) ("period of limitation"); Kan. Stat. Ann. § 17-12a509(j) ("Statute of limitations"); Tex. Rev. Civ. Stat. Ann. art. 581, § 33(H)(2) ("Statute of Limitations"). The extender statute likewise refers to the "applicable statute of limitations" contained in other sources of state and federal law. 12 U.S.C. § 1787(b)(14)(A). None of those provisions refers to a "statute of repose," let alone identifies one period as one of "limitations" and the other as one of "repose." Hence, the periods of "limitation" encompassed by the extender statute mirror the inclusive structure of the periods of "limitation" established in § 13 and the analogous state blue-sky statutes. In each instance, Congress and the relevant state legislatures referred to *both* limitations and repose periods statutes of "limitation." This is not surprising: the

Supreme Court stated long ago that "[t]he statute of limitations *is* a statute of repose," *Guaranty Trust Co. v. United States*, 304 U.S. 126, 136 (1938) (emphasis added), and lower courts have recognized that the statutory term "statute of limitations" is at best "ambiguous regarding whether it include[s] statutes of repose," *McDonald v. Sun Oil Co.*, 548 F.3d 774, 781 (9th Cir. 2008).

To hold that the extender statute does not apply to periods of repose would thwart Congress's careful legislative scheme enacted to facilitate maximum recoveries by NCUA for failed federally chartered credit unions. Because NCUA has only limited tools with which to learn about a failed credit union prior to taking it into conservatorship, Congress provided it with a fresh period of time in which to conduct an investigation and assess potential causes of action after asserting conservatorship. That practical concern applies equally to statutes of limitation and statutes of repose. Any perceived statutory ambiguity must be resolved in favor of Congress's statutory policy to maximize recovery by NCUA for failed credit unions. *See SEC v. Rind*, 991 F.2d 1486, 1489-92 (9th Cir. 1993) (SEC enforcement action not subject to statutes of repose absent clear congressional intent).

**3.** Finally, JP Morgan relies on the Court's statement in *Simmonds* that "[w]e are divided 4 to 4 concerning, and thus affirm without precedential effect, the Court of Appeals' rejection of petitioners' contention that [the statute before it] establishes a period of repose *that is not subject to tolling*," 2012 WL 986812, at *6 (emphasis added), suggesting that by this *dicta* the Court meant that statutes of repose can never be tolled for any reason. That is incorrect, and, in fact, the Court suggested precisely the opposite. In the part of *Simmonds* that discussed the availability of *equitable* tolling for fraudulent concealment, the Court noted — without in any way questioning — lower-court precedent applying "*legal* tolling" under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 557-58 (1974), to toll statutes of repose, on the basis that the *American Pipe* rule "'is derived from a statutory source,' whereas equitable tolling is 'judicially created.'" *Simmonds*, 2012 WL 986812, at *4

3

n.6 (quoting *Arivella v. Lucent Techs., Inc.*, 623 F. Supp. 2d 164, 176 (D. Mass. 2009)) (emphasis added); *see* NCUA Opp. 39-41 (discussing *American Pipe* tolling). Tolling under the extender statute is likewise derived from a statutory source, and is permissible legal tolling.

Thus, contrary to JP Morgan's claim, *Simmonds* recognizes and leaves undisturbed this line of cases holding that periods of repose are subject to legal tolling. This rule — which is the law of the Tenth Circuit, *see* NCUA Opp. 39 (discussing *Joseph v. Wiles*, 223 F.3d 1155 (10th Cir. 2000)) — dooms any suggestion that periods of repose can never be tolled for any reason. And because *Simmonds* concerned only "equitable tolling for fraudulent concealment," 2012 WL 986812, at *4, it has no bearing on the legal tolling at issue here.

Dated: April 5, 2012

George A. Zelcs
KOREIN TILLERY, LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Fax: (312) 641-9751
GZelcs@koreintillery.com

Stephen Tillery
Douglas Sprong
Peter Rachman
Diane Moore
KOREIN TILLERY, LLC
One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO 63101-1625
Phone: (314) 241-4844
Fax: (314) 241-3525
STillery@koreintillery.com
DSprong@koreintillery.com
PRachman@KoreinTillery.com
DHeitman@koreintillery.com

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ Rachel E. Schwartz
Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

Mark C. Hansen
David C. Frederick
Wan J. Kim
Joseph S. Hall
Scott K. Attaway
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
mhansen@khhte.com
dfrederick@khhte.com
wkim@khhte.com
jhall@khhte.com

*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: /s/ Rachel E. Schwartz

NATIONAL CREDIT UNION
ADMINISTRATION BOARD,
as Liquidating Agent of
United States Central Federal Credit Union
Western Corporate Federal Credit Union
Members United Corporate Federal Credit Union,
and Southwest Corporate Federal Credit Union