IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC, J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC,<br><br>Defendants. | Case No. 11-cv-2341 EFM/JPO |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff National Credit Union Administration Board ("NCUA") respectfully submits this Notice to inform the Court of *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*, No. 08 CIV 8093 (LTS) (KNF), 2012 WL 1076216 (S.D.N.Y. Mar. 30, 2012). *Bear Stearns*, like this case, involves claims under the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* ("1933 Act"), by investors in residential mortgage-backed securities ("RMBS"). Those investors seek relief, as NCUA does here, for untrue statements in the offering documents about RMBS loan collateral. *Bear Stearns* supports denial of Defendants' motions to dismiss for three reasons.

*First*, *Bear Stearns* concluded that the standard set forth by the Supreme Court in *Merck & Co. v. Reynolds*, 130 S. Ct. 1784 (2010), applies to claims under §§ 11 and 12 of the 1933 Act; and that a "focus on inquiry notice" is "misplaced." 2012 WL 1076216, at *12, *13. The court explained:

> The operative question [for beginning the running of the limitations period] is no longer when a reasonable plaintiff would have known that she had a likely cause of action and inquired further. Rather, the question is whether a plaintiff could have pled [19]33 Act claims with sufficient particularity to survive a 12(b)(6) motion to dismiss more than one year prior to the filing of the operative complaint. Whether sufficient facts existed at that time is, by definition, a fact-intensive inquiry and, thus, generally ill-suited for resolution at the motion to dismiss stage.

*Id.* at *13. This supports NCUA's position that *Merck* applies to the claims in this case, that inquiry notice is therefore *not* the governing standard, and that Defendants' arguments at best raise factual issues that cannot be resolved on a motion to dismiss.[1]

*Second*, *Bear Stearns* concluded that tolling under the Supreme Court's ruling in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), applies to securities claims "even where the original named plaintiffs lacked standing to bring some of the claims." 2012 WL 1076216, at *16. This supports NCUA's position that *American Pipe* tolling applies here based on earlier putative class actions that would have included NCUA (or the Credit Unions in whose shoes it stands) as class members, even if those earlier actions were wholly or partly dismissed on standing grounds.[2]

*Third*, *Bear Stearns* rejects assertions "that the named Plaintiffs lack standing to bring suit on behalf of purchasers of tranches that no named Plaintiff purchased." *Id.* at *22. As the court stated:

> It is uncontested here that at least one named Plaintiff purchased securities from every offering. It is likewise uncontested that each tranche within a given offering was constituted from a single pool of mortgages, issued pursuant to the same set of Offering Documents, each with the same alleged misrepresentations and omissions. As a result of these common misrepresentations and omissions, named Plaintiffs assert, every tranche experienced a higher rate of defaults and delinquencies than anticipated. Paraphrased in standing terminology, named Plaintiffs and the members of the class have suffered an identical form of injury (a decline in their Certificates' value) traceable to a single, allegedly unlawful act by Defendants (disseminating Offering Documents with misrepresentations and omissions). As such, named Plaintiffs have clearly established that they, and the purchasers of all other tranches within the offerings, are part of the same case and controversy with Defendants.

---

[1] *See* Opp. to Motion to Dismiss 34-36, 38 [ECF 39].

[2] *See id.* at 40.

*Id.* at \*23 (footnote omitted).  This supports NCUA's position that neither standing to sue nor *American Pipe* tolling should be limited to cases where a putative class representative purchased from the same tranche as the class members.[3]

| | |
|---|---|
| Dated: April 9, 2012 | Respectfully submitted, |
| | STUEVE SIEGEL HANSON LLP |
| | /s/ Rachel E. Schwartz |
| | Norman E. Siegel (Kan. # 70354) |
| | Rachel E. Schwartz (Kan. # 21782) |
| | 460 Nichols Road, Suite 200 |
| | Kansas City, Missouri 64112 |
| | Phone: (816) 714-7100 |
| | Fax: (816) 714-7101 |
| | siegel@stuevesiegel.com |
| | schwartz@stuevesiegel.com |
| | |
| | Mark C. Hansen |
| | David C. Frederick |
| | Wan J. Kim |
| | Joseph S. Hall |
| | KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C. |
| | Sumner Square |
| | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| | Phone: (202) 326-7900 |
| | Fax: (202) 326-7999 |
| | mhansen@khhte.com |
| | dfrederick@khhte.com |
| | wkim@khhte.com |
| | jhall@khhte.com |
| | |
| | George A. Zelcs |
| | KOREIN TILLERY, LLC |
| | 205 North Michigan Avenue, Suite 1950 |
| | Chicago, Illinois 60601 |
| | Phone: (312) 641-9760 |
| | Fax: (312) 641-9751 |
| | GZelcs@koreintillery.com |

---

[3] *See id.*

Stephen Tillery<br>
Douglas Sprong<br>
Peter Rachman<br>
Diane Moore<br>
KOREIN TILLERY, LLC<br>
One U.S. Bank Plaza<br>
505 North 7th Street, Suite 3600<br>
St. Louis, MO 63101-1625<br>
Phone: (314) 241-4844<br>
Fax: (314) 241-3525<br>
STillery@koreintillery.com<br>
DSprong@koreintillery.com<br>
PRachman@KoreinTillery.com<br>
DHeitman@koreintillery.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Rachel E. Schwartz
*Attorney for Plaintiff*