IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

---

| | |
|---|---|
| ------------------------------------------------------------------------ x<br>NATIONAL CREDIT UNION ADMINISTRATION :<br>BOARD, as Liquidating Agent of U.S. Central Federal :<br>Credit Union, Western Corporate Federal Union, Members :<br>United Corporate Federal Credit Union, and Southwest :<br>Corporate Federal Credit Union, :<br>　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　Plaintiff, :<br>　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　v. :<br>　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>J.P. MORGAN SECURITIES LLC, J.P. MORGAN :<br>ACCEPTANCE CORPORATION I, AMERICAN HOME :<br>MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and :<br>BOND SECURITIZATION, LLC, :<br>　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　Defendants. :<br>------------------------------------------------------------------------ x | CIVIL ACTION<br>CASE NO. 11-cv-2341 EFM/JPO |

**J.P. MORGAN DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

The J.P. Morgan Defendants[1] hereby respond to the Notice (Dkt. No. 52) filed by the Board informing the Court of In re Bear Stearns Mortgage Pass-Through Certificates Litigation, No. 08 CIV 8093 (LTS) (KNF), 2012 WL 1076216 (S.D.N.Y. Mar. 30, 2012) ("Bear Stearns"). The J.P. Morgan Defendants respectfully submit that Bear Stearns was wrongly decided and is distinguishable and, accordingly, does not support denial of the J.P. Morgan Defendants' pending motion to dismiss.

---

[1] Defined terms have the same meaning as in the J.P. Morgan Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Reply Br.").

First, the Board points to the ruling in Bear Stearns that American Pipe tolling applies to securities claims "even where the original named plaintiffs lacked standing to bring some of the claims". Bear Stearns, 2012 WL 1076216, at *16. As an initial matter, the question of whether American Pipe tolling applies here is irrelevant because the Board's claims had already expired by the time the purportedly tolling class actions were filed. (See JPM Br. at 38). Moreover, the only case law to which the Bear Stearns court cites in support of its ruling is that court's earlier decision in In re Morgan Stanley Mortgage Pass-Through Certificates Litigation, No. 09 Civ. 2137(LTS), 2011 WL 4089580 (S.D.N.Y. Sept. 15, 2011). Accordingly, Bear Stearns provides no new support to the Board's position that American Pipe tolling applies based on earlier putative class actions "even if those earlier actions were wholly or partly dismissed on standing grounds". (Notice at 2.) As discussed in the Reply Brief, although there is a split of authority on the issue, "the sounder approach acknowledges that 'it would be beyond the constitutional power of a federal court to toll a period of limitations based on a claim that failed because the claimant had no power to bring it'". (Reply Br. at 19 n.14 (quoting Palmer v. Stassinos, 236 F.R.D. 460, 465-66 & n.6 (N.D. Cal. 2006)); see also JPM Br. at 38-39 (collecting cases).)

Second, although the Bear Stearns court "rejected assertions 'that the named Plaintiffs lack standing to bring suit on behalf of purchasers of tranches that no named Plaintiff purchased,'" (Notice at 2 (quoting Bear Stearns, 2012 WL 1076216 at *22)), that finding appears to have been based on the conclusion that the tranches at issue were not separate securities. See Bear Stearns, 2012 WL 1076216, at *24. The majority of courts that have been squarely presented with the issue[2] have found that Plaintiffs do not have standing to pursue claims relating

---

[2] See Plumbers' & Pipefitters' Local #562 Supp. Plan & Trust v. J.P. Morgan Acceptance Corp., No. 08 CV 1713(ERK)(WDW), 2012 WL 601448, at *7 n.8 (E.D.N.Y. Feb. 23, 2012) ("Plumbers"); In re Wash. Mut. Mortg.-

to tranches they did not purchase. See WaMu, 276 F.R.D. at 663 (reasoning that "[e]ach tranche of MBS is an individual security" as the "very point of pooling mortgages and creating tranches is to create different securities whose credit and risk profiles attract different purchasers"); see also JPM Br. at 39. Accordingly, if American Pipe tolling does apply here at all (and, again, it does not), the Board would benefit from such tolling only with respect to the one tranche purchased by the Credit Unions that is at issue in a purportedly tolling class action.[3]

Third, with respect to the Bear Stearns court's statute of limitations ruling, the J.P. Morgan Defendants respectfully disagree with that court's conclusion that the standard set forth by the Supreme Court in Merck & Co. v. Reynolds, 130 S. Ct. 1784 (2010) applies to 1933 Act claims. 2012 WL 1076216, at *12-*13. That conclusion ignores the significance of the lesser standards of pleading and proof for claims not grounded in fraud, including those applicable to Section 1933 claims (and to the Board's claims here). (See Reply Br. at 13; J.P. Morgan Defs.' Response to Pls.' Notice of Suppl. Authority in Support of its Opp. to Defs.' Mots. to Dismiss at 4, 5 (Dkt. No. 45).) Indeed, as recognized by Justice Scalia in concurrence with the Court's ruling in Merck, "[d]etermining when the plaintiff should have uncovered an untrue assertion in a registration statement or prospectus [under §§ 11 or 12(a)(2)] is much simpler than assessing when a plaintiff should have learned that the defendant deliberately misled him using a deceptive device covered by § 10(b)." Merck, 130 S.Ct. at 1801 (Scalia, J., concurring in part and concurring in the judgment). Thus, Merck does not apply to the claims in this case.

---

Backed Sec. Litig., 276 F.R.D. 658, 663 (W.D. Wash. 2011) ("WaMu"); Maine State Ret. Sys. v. Countrywide Fin. Corp., No. 2:10-CV-0302, 2011 WL 4389689, at *2 (C.D. Cal. May 5, 2011) ("Maine State").

[3] Only one tranche purchased by the Credit Unions is at issue in any purportedly tolling class action: IndyMac INDXMLT 2006-AR29 Class A1. (See JPM Br. at 40 & n.39.)

Dated:  April 12, 2012	Respectfully submitted,

/s/  John W. Shaw
John W. Shaw (KS # 70091)
Thomas P. Schult (KS # 70463)
Jennifer B. Wieland (KS # 22444)
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108

Of Counsel

Daniel Slifkin (NY # 2439768)
dslifkin@cravath.com
Michael A. Paskin (NY # 2767507)
mpaskin@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000 (tel.)
(212) 474-3200 (fax)

Counsel for Defendants J.P. Morgan
Securities LLC, J.P. Morgan Acceptance
Corporation I and Bond Securitization, LLC

5

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 12th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        /s/ John W. Shaw
Counsel for Defendants J.P. Morgan
Securities LLC, J.P. Morgan Acceptance
Corporation I and Bond Securitization, LLC