IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>     Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC., J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC,<br><br>     Defendants. | Case No. 11-cv-2341 EFM/JPO |

**NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING**
*FEDERAL HOUSING FINANCE AGENCY v. UBS AMERICAS, INC.*

Plaintiff National Credit Union Administration Board ("NCUA") respectfully submits this Notice to inform the Court of *Federal Housing Finance Agency v. UBS Americas, Inc.*, __ F. Supp. 2d __, No. 1:11-cv-05201-DLC, 2012 WL 1570856 (S.D.N.Y. May 4, 2012) ("*UBS*") (Denise Cote, U.S.D.J.). The *UBS* case involves similar claims brought by a federal agency regarding the failure of originators to adhere to loan origination standards, contrary to representations made in RMBS offering documents. The decision supports denial of defendants' motions to dismiss in several ways, particularly in rejecting arguments that the Extender Statute does not apply to statutes of repose.

In 2008, the Federal Housing Finance Agency ("FHFA") placed Fannie Mae[1] and Freddie Mac[2] into conservatorship, and subsequently brought actions on behalf of those entities against various financial institutions, asserting claims under Sections 11 and 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k, *l*(a)(2), and state Blue Sky laws. *See UBS*, 2012 WL 1570856, at *1-2. The FHFA filed suit against UBS Americas on July 27, 2011, alleging that offering documents for RMBS purchased by Fannie Mae and Freddie Mac "'falsely represented that the underlying mortgage loans complied with certain underwriting guidelines and standards. . . .'" *Id.* at *2. The statute authorizing the FHFA's conservatorship contains an extender provision identical to NCUA's Extender Statute.[3] The *UBS* court held that this extender provision tolls periods of limitations *and* repose, including the three-year period specified in Section 13 of the 1933 Act, 15 U.S.C. § 77m. *See UBS*, 2012 WL 1570856, at *2-6.

First examining the statutory text, the court reasoned that, like the FHFA's extender statute, "Section 13 itself is entitled 'Limitations on Actions,' [sic] and nowhere uses the term 'repose.'" *Id.* at *4. The court also observed that Congress in 2002 had "modified the repose period applicable to claims under the Securities Exchange Act of 1934, the Securities Act's cousin statute, in a provision entitled '*Statute of limitations* for securities fraud'" – yet again using the word "limitations" to refer to a period of repose. *Id.* (quoting Sarbanes-Oxley Act, Pub. L. No. 107-204, § 804, 116 Stat. 745, 801 (2002), codified at 28 U.S.C. § 1658(b)) (emphasis by the court). The court then noted that "[t]his Court and others in this District, well versed in the law of securities, have likewise used the term 'statute of limitations' to invoke the three-year repose period" in § 13. *Id.* (citing cases from

---

[1] Federal National Mortgage Association ("Fannie Mae").
[2] Federal Home Loan Mortgage Corporation ("Freddie Mac").
[3] *Compare* 12 U.S.C. § 4617(b)(12) (quoted in *UBS*, 2012 WL 1570856, at *3) *with id.* § 1787(b)(14). Section 4617(b)(12) refers to FHFA as "the Agency" whereas § 1787(b)(14) refers to NCUA as "the Board," but in all other respects the two provisions are identical.

S.D.N.Y.).[4]  The court found that this longstanding usage "makes sense, because, conceptually, a 'statute of repose' must be understood in relation to the 'statute of limitations' that it acts upon." *Id.* at \*5.  Accordingly, the court concluded, "the definition of 'statute of limitations' proposed by the defendants [as excluding periods of repose] does not always 'hold in ordinary usage.'" *Id.* (quoting *Caraco Pharm. Labs., Ltd. v. Novo Nordisk A/S*, 132 S. Ct. 1670, 1681 n.6 (2012)); *see id.* at \*4 ("As the Supreme Court has recently reminded us, . . . when it comes to the meaning of a particular statutory phrase, 'context matters.'") (quoting *Novo Nordisk*, 132 S. Ct. at 1681).[5]

Further examining the statutory context, the court reasoned that reading Congress's "reference to 'statute of limitations' in the narrow fashion that defendants propose would undermine the congressional purpose of a statute whose overriding objective was to maximize the ability of FHFA to '"put [Fannie Mae and Freddie Mac] in a sound and solvent condition."'" *Id.* at \*5 (quoting 12 U.S.C. § 4617(b)(2)(D)).[6]  Indeed, Congress "specified a 'statute of limitations with regard to *any action* brought by the Agency as conservator.'" *Id.* (quoting 12 U.S.C. § 4617(b)(12)(A);

---

[4] The Tenth Circuit and district courts in this Circuit likewise have commonly referred to § 13's three-year period of repose as a "statute of limitations."  *See, e.g.*, *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1197 n.10 (10th Cir. 1998) (referring to "the one-year/three-year limitations period of § 13 of the 1933 Act"); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1043 (10th Cir. 1980) (referring to the "three-year limitation in the 1933 Act, 15 U.S.C. § 77m") (internal citations omitted); *Snyder v. Newhard, Cook & Co.*, 764 F. Supp. 612, 619 (D. Colo. 1991) (referring to "the three year limitation expressed in § 13").

[5] *See also, e.g.*, *Badaracco v. C.I.R.*, 464 U.S. 386, 391 (1984) ("Statutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government.") (internal quotation marks omitted).

[6] Congress had the same objective in authorizing NCUA to act as conservator of federal credit unions.  *Compare* 12 U.S.C. § 4617(b)(2)(D) ("The Agency may, as conservator, take such action as may be – (i) necessary to put the regulated entity in a sound and solvent condition; and (ii) appropriate to carry on the business of the regulated entity and preserve and conserve the assets and property of the regulated entity.") (quoted in *UBS*, 2012 WL 1570856, at \*5) *with* 12 U.S.C. § 1787(b)(2)(D) ("The Board may, as conservator, take such action as may be – (i) necessary to put the credit union in a sound and solvent condition; and (ii) appropriate to carry on the business of the credit union and preserve and conserve the assets and property of the credit union.").

emphasis by the court).[7]  The court held that the "more natural reading . . . that is both in-line with everyday usage and consistent with the objectives of the statute overall, is that . . . Congress intended to prescribe *comprehensive* time limitations for '*any action*' that the Agency might bring as conservator, including claims to which a statute of repose generally attaches." *Id.* (emphasis by the court).

The court likewise rejected the assertion that the FHFA's extender statute was limited to state-law claims and inapplicable to federal claims, again relying on the "any action" language. *See id.* at *6.  Even if "Congress could have been clearer about [the extender provision's] applicability to claims under federal law, 'the mere possibility of clearer phrasing cannot defeat the most natural reading of a statute; if it could (with all due respect to Congress), we would interpret a great many statutes differently than we do.'" *Id.* (quoting *Novo Nordisk*, 132 S. Ct. at 1682).  Thus, applied to the NCUA's Extender Statute at issue in this case, as with the FHFA's identical provision, "the most natural reading of [§ 1781(b)(14)] is that it affords [NCUA] three years from the date of conservatorship to bring suit on its Securities Act claims, irrespective of any other provision of law." *Id.* at *6.

*UBS* next held that the discovery rule announced in *Merck & Co. v. Reynolds*, 130 S. Ct. 1784 (2010), not the rule of inquiry notice, applies to Securities Act §§ 11 and 12(a)(2) claims. *See UBS*, 2012 WL 1570856, at *6-8.  Accordingly, the statute of limitations for those "Securities Act claims did not begin to run until a reasonably diligent [investor] in [Fannie Mae or Freddie Mac's] position would have had sufficient information about a given misstatement or omission to adequately plead it in a complaint." *Id.* at *8 (internal quotation marks and alteration omitted).  Applying that standard, the court rejected defendants' argument that the one-year statute of limitations had run when FHFA appointed itself conservator in September 2008. *See id.* at *8-10.  The court held that generalized

---

[7] Congress provided similarly in the NCUA's Extender Statute.  *See* 12 U.S.C. § 1787(b)(14) (extending "statute of limitations with regard to any action brought by the Board as conservator").

reports about loan origination practices in late 2007 "were insufficient to trigger the Securities Act's statute of limitations," and that Fannie Mae and Freddie Mac "were entitled to rely on defendants' assertion that the loans that underlay these particular securities complied with the guidelines set out in the offering materials." *Id.* at *10. Indeed, the court held, the generalized public reporting was "relevant to plaintiff's claims only insofar as it negates any effort by defendants to maintain that they exercised due diligence or reasonable care to ensure that the loans included in the securitizations were as described." *Id.*

The court further held that the FHFA had adequately pleaded causes of action under §§ 11 and 12(a)(2) through allegations of systemic disregard based on statistical sampling that the originators had not complied with stated underwriting standards, as well as originator-specific allegations and reports that such systemic disregard was an industry-wide problem. *See id.* at *11-21. The court thus relied in part on data analyses analogous to those set out in NCUA's Complaint here.

.

Dated: May 10, 2012                                   Respectfully submitted,

                                                                                        STUEVE SIEGEL HANSON LLP

                                                                                        /s/ Rachel E. Schwartz
                                                                                        Norman E. Siegel (D. Kan. # 70354)
                                                                                        Rachel E. Schwartz (Kan. # 21782)
                                                                                        460 Nichols Road, Suite 200
                                                                                        Kansas City, MO 64112
                                                                                       Tel: (816) 714-7100
                                                                                       Fax: (816) 714-7101
                                                                                       siegel@stuevesiegel.com
                                                                                       schwartz@stuevesiegel.com

George A. Zelcs, *pro hac vice*
KOREIN TILLERY, LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Fax: (312) 641-9751
GZelcs@koreintillery.com

Mark C. Hansen, *pro hac vice*
David C. Frederick, *pro hac vice*
Wan J. Kim, *pro hac vice*
Joseph S. Hall, *pro hac vice*
Scott K. Attaway, *pro hac vice*
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
mhansen@khhte.com
dfrederick@khhte.com
wkim@khhte.com
jhall@khhte.com
sattawy@khhte.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        /s/Rachel E. Schwartz
                                        *Attorney for Plaintiff*