**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

---

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union, | : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION |
| Plaintiff, | : CASE NO. 11-cv-2341 EFM/JPO |
| v. | : <br> : |
| J.P. MORGAN SECURITIES LLC, J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC, | : <br> : <br> : <br> : <br> : |
| Defendants. | : |

---

## J.P. MORGAN DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

The J.P. Morgan Defendants[1] hereby respond to the Notice (ECF No. 54) filed by the Board informing the Court of <u>Federal Housing Finance Agency v. UBS Americas, Inc.</u>, --- F. Supp. 2d ---, No. 1:11-cv-05201-DLC, 2012 WL 1570856 (S.D.N.Y. May 4, 2012) ("<u>UBS</u>"). The J.P. Morgan Defendants respectfully submit that <u>UBS</u> was wrongly decided and is distinguishable and, accordingly, does not support denial of the J.P. Morgan Defendants' pending motion to dismiss.

---

[1] Defined terms have the same meaning as in the J.P. Morgan Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Reply Br.").

First, contrary to the Board's arguments, the FCU Act extender statute[2] "plainly refers to statutes of limitation. It makes no mention whatsoever of statutes of repose". NCUAB v. RBS Sec., Inc., Tentative Ruling, No. 11-cv-05887, ECF No. 108, slip op. at 14 (C.D. Cal. Dec. 19, 2011). If Congress had wanted the Extender Statute to apply to statutes of repose, it "could have very easily done so clearly". Id. at 15. It did not. Therefore, the J.P. Morgan Defendants respectfully disagree with the UBS court's determination that the virtually identical Housing and Economic Recovery Act of 2008 ("HERA") extender statute applies to statutes of repose.

As an initial matter, instead of crediting the plain language of the statute, the UBS court supported its ruling primarily by looking to the supposed "statutory context" of the HERA extender statute. UBS at *4. That, by itself, is an improper method of statutory interpretation. See U.S. v. Brown, 529 F.3d 1260, 1265 (10th Cir. 2008) ("We will look beyond the plain language of a statute only if the result is an absurd application of the law.") (emphasis in original).

Moreover, in its examination of the statutory context, the UBS court overlooked that the HERA extender statute expressly references "the date on which the claim accrues", a phrase that signifies a statute of limitations, not a statute of repose. See 12 U.S.C. § 4617(b)(12)(A) ("the applicable statute of limitations with regard to any action brought by the Agency as conservator . . . shall be . . . [the] period beginning on the date on which the claim accrues"). As stated by the Tenth Circuit, "[s]tatutes of limitation bar a claim after a time period that begins to run when the cause of action accrues. Statutes of repose, on the other hand, bar a claim after a period that is triggered by an arbitrary event unrelated to the accrual of the cause of action". Waller v. Pittsburgh Corning Corp., 946 F.2d 1514, 1515 n.1 (10th Cir. 1991); see also McCann v. Hy-

---

[2] See 12 U.S.C. § 1787(b)(14) ("Extender Statute").

Vee, Inc., 663 F.3d 926, 932 (7th Cir. 2011) ("the starting gate in statutes of limitations is usually expressed as the date on which 'such claim accrues,' or 'the date on which the cause of action arose,' or similar language, rather than the date of 'violation'"). Accordingly, "the term 'statute of repose' has been used to distinguish ordinary statutes of limitation from those statutes which begin to run at a time unrelated to the traditional accrual of the cause of action". Menne v. Celotex Corp., 722 F. Supp. 662, 665 (D. Kan. 1989) (quotations omitted). Indeed, this Court has held that a provision "is a statute of repose and serves as a substantive limitation upon a plaintiff's cause of action" where that provision "is not set running by the accrual of the plaintiff's cause of action, but by 'the act giving rise to the cause of action'". Id. at 666; Lowery v. County of Riley, No. 04-3101-JTM, 2005 WL 1242376, at *2-3 (D. Kan. May 25, 2005) (same). Because the Extender Statute expressly references "the date on which a claim accrues", it necessarily refers to statutes of limitation.

In addition, although the UBS court's examination of statutory context extended to the legislative purpose of the extender statute at issue in that case, it ignored Congress's specific purpose in enacting the limitations and repose periods in Section 13 of the Securities Act, 15 U.S.C. § 77m. The Securities Act was amended a year after it was enacted to substantially shorten its limitation and repose periods to one year and three years, respectively, from the original two and ten year periods. See Securities Exchange Act of 1934, ch. 404, Title II, § 207, 48 Stat. 881, 908. As courts have noted, Congress imposed the shorter three year repose period "because of fear that lingering liabilities would disrupt normal business and facilitate false claims". Norris v. Wirtz, 818 F.2d 1329, 1332 (7th Cir. 1987) (citing 78 Cong. Rec. 8198-8203 (May 7, 1934)), overruled on other grounds, Short v. Belleville Shoe Mfg. Co., 908 F.2d 1385 (7th Cir. 1990). "It was understood that the three-year rule was to be absolute". Id. Applying

3

the Extender Statute to the statute of repose in Section 13 of the Securities Act would conflict with that express intention.

Second, the UBS court's statute of limitations ruling was, respectfully, incorrectly decided. In arriving at its conclusion that the standard set forth by the Supreme Court in Merck & Co. v. Reynolds, 130 S. Ct. 1784 (2010) applies to Securities Act claims, the UBS court failed to consider the lesser pleading standards for claims not grounded in fraud, including those applicable to Securities Act claims (and to the Board's claims here). As previously explained, the Merck standard should not apply to non-fraud claims of the type asserted here. (See Reply Br. at 13; J.P. Morgan Defs.' Resp. to Pl.'s Notice of Suppl. Authority in Supp. of its Opp'n to Defs.' Mots. to Dismiss at 4, 5 (ECF No. 45); J.P. Morgan Defs.' Resp. to Pl.'s Notice of Supplemental Authority at 3 (ECF No. 53).)

Third, the Board misleadingly states that the UBS court "relied in part on data analyses analogous to those set out in NCUA's Complaint here". (Notice at 5 (ECF No. 54).) In finding that the Federal Housing Finance Agency ("FHFA") adequately pleaded causes of action under the Securities Act, the UBS court noted that the allegations in that case relied "principally on FHFA's own survey of loan-level data for a sample of mortgage loans in each securitization". UBS at *20. For example, (i) in support of FHFA's appraisal claims, the agency used an "automated valuation model to estimate the property value at the time of origination for each loan sampled"; (ii) in support of its owner-occupancy allegations, FHFA looked to information such as property tax bills and mortgagor "credit reports, tax records, or lien records"; and (iii) in support of its underwriting allegations, FHFA performed a "forensic review of individual loan files" that found that "78% [of the loans sampled] were not underwritten in accord with the applicable underwriting guidelines". Id. at *12, *16, *20. In addition, FHFA's underwriting

allegations included confidential witness testimony. Id. at *20. The Board has done none of those things. It has failed to (i) perform any equivalent "survey of loan-level data"; (ii) set forth any confidential witness testimony; (iii) identify a single defective loan; or (iv) make any attempt to connect its allegations to the specific RMBS at issue here (see Reply Br. at 7–8). Instead, the Board seeks to rely almost entirely upon post-purchase loan performance statistics and similar measurements to argue that the Originators must have systematically disregarded their underwriting guidelines. See Reply Br. at 3–4. As previously explained, such allegations are "simply 'consistent with' liability" and cannot support the plausibility of the Board's claims. RBS at 5 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564-70 (2007)). Thus, although the J.P. Morgan Defendants respectfully disagree with the UBS court that the post-hoc analyses and other allegations presented by FHFA in that case are sufficient to state a claim, the allegations here are even more deficient.

Dated:  May 16, 2012                                     Respectfully submitted,

                                                         By: /s/ John W. Shaw
                                                             John W. Shaw (KS # 70091)
                                                             Thomas P. Schult (KS # 70463)
                                                             Jennifer B. Wieland (KS # 22444)
                                                             BERKOWITZ OLIVER WILLIAMS
                                                             SHAW & EISENBRANDT LLP
                                                             2600 Grand Boulevard, Suite 1200
                                                             Kansas City, Missouri 64108
                                                             Telephone:    (816) 561-7007
                                                             Facsimile:    (816) 561-1888

Of Counsel:

Daniel Slifkin (NY # 2439768)
dslifkin@cravath.com
Michael A. Paskin (NY # 2767507)
mpaskin@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3200

*Counsel for Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I and Bond Securitization, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ John W. Shaw
*Counsel for Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I and Bond Securitization, LLC*