IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC., J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC,<br><br>Defendants. | Case No. 11-cv-2341 EFM/JPO |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS CONCERNING *NCUA v. RBS SECURITIES, INC.***

Plaintiff, the National Credit Union Administration Board ("NCUA"), respectfully informs the Court of a recent opinion by the Honorable Richard D. Rogers issued in *NCUA v. RBS Securities, Inc.* ("RBS"), Nos. 11-2340-RDR & 11-2649-RDR, 2012 WL 3028803 (D. Kan. July 25, 2012) ("*RBS*"). In *RBS*, NCUA, as liquidating agent of a failed federal credit union, asserted claims virtually identical to those here. The court denied RBS's motion to dismiss in ways that support NCUA's claims here, as illustrated in the following primary holdings. The court also permitted NCUA to amend the complaint with respect to a small minority of the certificates on which NCUA has sued.

*Extender Statute*. The court first held that the Federal Credit Union Act's "Extender Statute" tolls the limitation periods for NCUA's federal and state *statutory* claims, and is not limited to state contract or tort claims. *See RBS*, 2012 WL 3028803, at *13-*15. The court held that "[t]he term 'any

action'" is "broad" and "should be read to include statutory claims, not just the tort and contract claims mentioned later," noting that this "introductory language of the extender statute does not limit its scope to certain claims." *Id.* at *13-*14 (quoting 12 U.S.C. § 1787(b)(14)(A)). The court also relied on the fact that "analogous statutes have been applied to statutory claims," citing decisions construing similar extender statutes for the Federal Housing Finance Agency and the Federal Deposit Insurance Corporation, as well as the general provision that formerly governed claims by "federal liquidation agencies" such as NCUA. *Id.* at *14.

The court next ruled that the Extender Statute tolls not only statutes of limitations, but also statutes of repose including Section 13 of the Securities Act of 1933, 15 U.S.C. § 77m. *See RBS*, 2012 WL 3028803, at *15-*19. The court found that "[i]t is not clear that Congress meant to exclude the three-year deadline from the operation of the extender statute" and "[i]n the face of this ambiguity, the extender statute should be construed in favor of the government and in conformity with its apparent purpose." *Id.* at *16. The court noted many instances in which courts or Congress have "conflated" the terms "statute of limitations" and "statute of repose." *Id.* at *16-*17. To resolve that perceived ambiguity in the Extender Statute, the court relied on well-established law construing limitations periods in favor of the federal government, *see id.* at *17-*18, and the purpose of the Extender Statute to "increase[] the opportunity of [NCUA] to bring actions to recover money on behalf of the government," *id.* at *18.

*Statute of Limitations.* The *RBS* court held that a plaintiff is not required to plead compliance with the statute of limitations. *See id.* at *19-*20. It concluded that recent Supreme Court cases "generally hold against special pleading rules for particular types of cases" and "do not require that plaintiffs plead facts to negate [such] affirmative defenses." *Id.* at *19.

The court also held that Section 13's one-year period of limitation (and the two-year period under state law) begins "when a reasonably diligent plaintiff would have actually discovered the facts

2

constituting the violation such that he could adequately plead it in a complaint," and "is not triggered by 'inquiry notice.'" *Id.* at *21 (following *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1798 (2010)).  It explained that dismissal on the basis of a limitations period should be granted "only where uncontroverted evidence irrefutably demonstrates that the plaintiff discovered or should have discovered facts sufficient to adequately plead a plausible claim" before the relevant date, "a matter best reserved for summary judgment." *Id.* at *20-*21.

*Twombly/Iqbal Rule 8(a) Pleading Standard.*  The court held that NCUA had stated plausible claims against RBS (and, in a consolidated case, against Wachovia), where NCUA had made originator-specific allegations with respect to particular MBS offerings. *See id.* at *27-*30, *39.  The court found two types of originator-specific allegations to be *independently* sufficient.

First, in the *RBS* case, the court relied on allegations, some premised on other lawsuits, government reports, or other public sources, that particular "originators have been identified as engaging in misconduct comparable to the claimed pervasive disregard of underwriting standards." *Id.* at *30; *see also id.* at *35-*36 (holding that NCUA could incorporate such borrowed allegations).[1] Second, in the Wachovia case, the court relied on "statistical evidence from an analysis of some of the loans in the loan pool for the Wachovia certificates which indicate that statements in offering documents regarding the owner/occupancy status for some mortgaged properties falsely inflated the number of owner-occupied properties and that LTV [loan-to-value] weighted averages listed for the loan pools were false." *RBS*, 2012 WL 3028803, at *38.  The court gave NCUA leave to replead its claims concerning a minority of certificates that lacked originator-specific allegations. *See id.* at *37.

---

[1] NCUA's complaint here includes similar originator-specific allegations with respect to most of the certificates at issue.  *See* Compl. ¶¶ 108-235 (Doc. No. 1).  With respect to the other certificates, NCUA preserves its arguments made previously that, in light of the other allegations in its complaint, originator-specific allegations should not be necessary at all.

The *RBS* decision's persuasive and thorough analysis supports denial of JP Morgan Securities L.L.C.'s motion to dismiss here.

Dated:   August 1, 2012                          Respectfully submitted,

                                                                STUEVE SIEGEL HANSON LLP

                                                                /s/ Norman E. Siegel

| | |
|---|---|
| George A. Zelcs, *pro hac vice* | Norman E. Siegel (D. Kan. # 70354) |
| KOREIN TILLERY, LLC | Rachel E. Schwartz (Kan. # 21782) |
| 205 North Michigan Avenue, Suite 1950 | 460 Nichols Road, Suite 200 |
| Chicago, Illinois 60601 | Kansas City, MO 64112 |
| Phone: (312) 641-9760 | Tel: (816) 714-7100 |
| Fax: (312) 641-9751 | Fax: (816) 714-7101 |
| GZelcs@koreintillery.com | siegel@stuevesiegel.com |
| | schwartz@stuevesiegel.com |
| Mark C. Hansen, *pro hac vice* | |
| David C. Frederick, *pro hac vice* | *Attorneys for Plaintiff National Credit Union* |
| Wan J. Kim, *pro hac vice* | *Administration Board* |
| Joseph S. Hall, *pro hac vice* | |
| Scott K. Attaway, *pro hac vice* | |
| KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C. | |
| Sumner Square | |
| 1615 M Street, N.W., Suite 400 | |
| Washington, D.C. 20036 | |
| Phone: (202) 326-7900 | |
| Fax: (202) 326-7999 | |
| mhansen@khhte.com | |
| dfrederick@khhte.com | |
| wkim@khhte.com | |
| jhall@khhte.com | |
| sattawy@khhte.com | |

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 1, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                /s/Norman E. Siegel
                *Attorney for Plaintiff*