**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

```
-------------------------------------------------------------------------x
NATIONAL CREDIT UNION ADMINISTRATION        :
BOARD, as Liquidating Agent of U.S. Central Federal   :
Credit Union, Western Corporate Federal Union, Members   :
United Corporate Federal Credit Union, and Southwest   :
Corporate Federal Credit Union,             :
                                            :   CIVIL ACTION
                        Plaintiff,          :   CASE NO. 11-cv-2341 EFM/JPO
                                            :
            v.                              :
                                            :
J.P. MORGAN SECURITIES LLC, J.P. MORGAN     :
ACCEPTANCE CORPORATION I, AMERICAN HOME    :
MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and :
BOND SECURITIZATION, LLC,                   :
                                            :
                        Defendants.         :
-------------------------------------------------------------------------x
```

## J.P. MORGAN DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

The J.P. Morgan Defendants[1] hereby respond to the Notice (ECF No. 56) filed by the

Board informing the Court of <u>NCUAB v. RBS Securities, Inc.</u>, Civ. Nos. 11-2340-RDR & 11-

2649-RDR, 2012 WL 3028803 (D. Kan. July 25, 2012) ("<u>RBS II</u>").  The J.P. Morgan Defendants

respectfully submit that <u>RBS II</u> was wrongly decided and is distinguishable.  At most, <u>RBS II</u>

merely illustrates that courts are divided on many of the issues in this case.  Indeed, as discussed

in the J.P. Morgan Defendants' Reply Brief, Judge Wu reached contrary conclusions on many of

the same issues in a separate case involving similar claims brought by the Board against RBS.

<u>See generally</u> Reply Br. Parts I.A-B, III.A-B; <u>NCUAB v. RBS Sec., Inc.</u>, No. 11-cv-05887, ECF

---

[1] Defined terms have the same meaning as in the J.P. Morgan Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Reply Br.").

No. 108, slip. op. (C.D. Cal. Dec. 19, 2011) (Paskin Decl. Ex. 1) (tentative ruling) ("RBS I").  As discussed below, Judge Wu's decision in RBS I and other decisions discussed in the JPM Brief and Reply Brief reflect the sounder approach on each of those issues.

First, with respect to its ruling regarding the FCU Act's "extender statute", the RBS II court improperly looked beyond the plain language of the statute in holding that the FCU Act extends the repose period for the Board's statutory claims.  See RBS II at *16-19.  The court based its analysis on Congressional intent and a body of law construing limitations provisions in favor of the government.  RBS II at *16-17.  That approach, however, conflicts with the United States Supreme Court's instruction that "when the statutory language is plain, [courts] must enforce it according to its terms".  See RBS I at 15 (quoting Jiminez v. Quarterman, 555 U.S. 113, 118 (2009)); see also U.S. v. Brown, 529 F.3d 1260, 1265 (10th Cir. 2008) ("We will look beyond the plain language of a statute only if the result is an absurd application of the law.") (emphasis in original).  And as Judge Wu properly observed, the plain language of the [FCU Act] is all that the Court needs to resolve the question. . . .  The statute plainly refers to statutes of limitation.  It makes no mention whatsoever of statutes of repose."  Id. at 14.  Accordingly, the J.P. Morgan Defendants respectfully disagree with the RBS II court's determination that the FCU Act extender statute applies to statutes of repose.[2]

Second, the J.P. Morgan Defendants respectfully disagree with the RBS II court's statute of limitations ruling that the standard set forth by the United States Supreme Court in Merck & Co., Inc. v. Reynolds, 130 S. Ct. 1784 (2010) applies to non-fraud based Securities Act and state law securities claims.  As Judge Wu explained in RBS I, "Merck plainly dealt only with the

---

[2] In addition, as previously explained, "the FCU Act applies specifically to tort claims and contract claims, not to statutory securities claims".  See JPM Br. at 40 (collecting cases).  Because each of the Board's claims is based on a particular statutory provision, the FCU Act accordingly is inapplicable.   Although the RBS II court found otherwise, it again wrongly did so by looking beyond the plain statutory language.  See RBS II at *13-15.

statute of limitations for Section 10(b) claims under the Securities Exchange Act.  There are seemingly good reasons not to apply Merck here . . . because, as the Supreme Court pointed out in the opening paragraph of its decision, the 'facts constituting the violation' for the Section 10(b) claim includes the fact of scienter, a fact that is absent from this action".  RBS I at 17 (emphasis added).  Accordingly, inquiry notice is all that is required to trigger the limitations periods for the Board's securities claims, none of which include the element of scienter.  See JPM Br. Part II; Reply Br. Part III.B.1.

Third, although the RBS II court acknowledged that "there is Tenth Circuit case law which requires a plaintiff bringing a claim under the Securities Act to 'plead and prove facts showing that his claim was timely'", it nonetheless held that the Board "should not be required to plead compliance with the statute of limitations".  RBS II at *19 (quoting Anixter v. Home-Stake Prod. Co., 939 F.2d 1420, 1434 (10th Cir. 1991)).  The court relied on Jones v. Bock, 549 U.S. 199, 214-16 (2007), in which the Supreme Court held that, under the Prison Litigation Reform Act of 1994, exhaustion of remedies was an affirmative defense that prisoners need not plead affirmatively or specifically in their complaints.  RBS II at *19.  However, Jones, which did not involve the Securities Act's statute of limitations, is inapposite.  The J.P. Morgan Defendants respectfully submit that the better view is that Securities Act plaintiffs must plead compliance with the statute of limitations.  See RBS I at 16, 18; JPM Br. at 37 (citing cases).  Accordingly, the Board "has not satisfactorily pled its compliance with the statutes of limitation . . . and potentially . . . cannot possibly demonstrate compliance with those limitations periods".  RBS I at 16-18 (finding the Board's allegations that "'deteriorating lending standards' and 'the surge in early payment defaults suggests that underwriting . . . deteriorated on dimensions that were less readily apparent to investors'", "insufficient . . . to demonstrate compliance with at least the

applicable federal statute of limitations").

      <u>Fourth</u>, the <u>RBS II</u> court's ruling regarding the sufficiency of the Board's pleading was, respectfully, both wrongly decided and distinguishable.  The <u>RBS II</u> court held that the Board's allegations regarding default and delinquency rates, credit rating downgrades and general observations of the mortgage industry at the time were "plausible as to those certificates backed by loans whose originators have been identified as engaging in misconduct comparable to the claimed pervasive disregard of underwriting standards".[3]  <u>RBS II</u> at *29-30.  However, the better-reasoned view, as expressed by Judge Wu, holds that loan performance statistics, like those upon which the Board so heavily relies, are "an example of the conclusory pleading tactic <u>Twombly</u> itself expressly rejected—locating an effect and presuming the [self-serving] cause, without the underlying factual allegations necessary to render that cause any more than a <u>possible</u> one, or one that is simply 'consistent with' liability".  <u>RBS I</u> at 4-5.  Thus, "to the extent that the [originator-specific] anecdotes are not connected to the actual loans at issue here, there is a strong argument that such facts have no effect on the plausibility of the claims".  <u>RBS I</u> at 10.

      Furthermore, while the Board points to the <u>RBS II</u> court's reliance on "statistical evidence from an analysis of some of the loans in the loan pool for the Wachovia certificates", (<u>RBS II</u> at *28), indicating that certain statements in the offering documents were inaccurate, the Board here, in contrast, has failed to perform <u>any</u> such analysis of the specific loans underlying the specific securities at issue.  Accordingly, the Board's reliance on the <u>RBS II</u> court's holding is misplaced.  <u>See</u> Not. at 3.

---

[3] Contrary to the Board's argument, <u>see</u> Notice at 3, the <u>RBS II</u> court did not hold that the originator-specific allegations, alone, sufficed to state a claim under <u>Twombly</u>.  <u>See RBS II</u> at *29-30.

Dated:      August 10, 2012

Respectfully submitted,


/s/  John W. Shaw
John W. Shaw (KS # 70091)
Thomas P. Schult (KS # 70463)
Jennifer B. Wieland (KS # 22444)
BERKOWITZ OLIVER WILLIAMS SHAW &
EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108

Of Counsel

Daniel Slifkin (NY # 2439768 )
dslifkin@cravath.com
Michael A. Paskin (NY # 2767507 )
mpaskin@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000 (tel.)
(212) 474-3200 (fax)

Counsel for Defendants J.P. Morgan Securities
LLC, J.P. Morgan Acceptance Corporation I and
Bond Securitization, LLC


## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.


/s/ John W. Shaw
Counsel for Defendants J.P. Morgan Securities
LLC, J.P. Morgan Acceptance Corporation I and
Bond Securitization, LLC