IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>     Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC., J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC,<br><br>     Defendants. | )<br>)<br>)<br>)<br>) Case No. 11-cv-2341 EFM/JPO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff National Credit Union Administration Board ("NCUA") respectfully submits this Notice to inform the Court of the Second Circuit's recent decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., et al.*, ___ F.3d ___, No. 11-2762-cv, 2012 WL 3854431 (2d Cir. Sept. 6, 2012).  The decision supports denial of defendants' motions to dismiss based on arguments that an individual plaintiff can benefit from *American Pipe* tolling based on a class action only if the class representatives had purchased the same tranche of RMBS securities as had the an individual plaintiff.

In *NECA*, the defendants argued that "despite the fact that the Certificates in every tranche of a given Offering *are* registered pursuant to the same registration statement, NECA lacks standing to represent Certificate-holders outside the specific tranche from which it purchased because 'different [C]ertificates have different investment characteristics and may

232741

suffer different harm based on the non- or under-performance of sometimes different underlying loans.'" *Id*. at *8 (emphasis in original; citation omitted). Defendants have raised the same argument in this case. *E.g.*, Docket No. 29 at 39 (JP Morgan Defendants' Motion to Dismiss) (arguing that class plaintiff lacked standing because "[e]ach tranche in an RMBS offering is a different security, with a different CUSIP number, based on a different group of assets and carrying 'a different level of risk' from the other tranches.").

The Second Circuit squarely rejected that argument:

> Turning to the question of tranche-level standing, we do not believe the Certificates' varying levels of payment priority raise such a "fundamentally different set of concerns" as to defeat class standing. Within any given Offering (or within any given Group of a particular Offering), some Certificates may be entitled to cash flows from the loans backing them earlier than others. But that does not alter the fact that all of the Certificate-holders' cash flows within any such Offering or Group derive from loans originated by some of the same originators. Regardless of their level of subordination, each Certificate-holder within an Offering or Group backed by loans originated by similar lenders has the same "necessary stake in litigating" whether those lenders in fact abandoned their underwriting guidelines.

*NECA*, 2012 WL 3854431, at *14 (citations omitted). In fact, the Second Circuit went further and ruled that a class plaintiff has standing to assert claims from other *offerings* in which it did not purchase *any* Certificates, so long as the claims were tied to a common registration statement and involved the same originators who allegedly abandoned their underwriting guidelines. *See id.* at *13 ("However, to the extent certain Offerings were backed by loans originated by originators common to those backing the 2007-5 and 2007-10 Offerings, NECA's claims raise a sufficiently similar set of concerns to permit it to purport to represent Certificate-holders from those Offerings."). Accordingly, the Second Circuit has rejected a key argument raised by defendants to contest NCUA's ability to obtain *American Pipe* tolling for several of the certificates in the Complaint.

Dated: September 20, 2012                    Respectfully submitted,

STUEVE SIEGEL HANSON LLP

/s/ Rachel E. Schwartz_____
Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

George A. Zelcs, *pro hac vice*
KOREIN TILLERY, LLC
205 North Michigan Avenue, Suite 1950
Chicago, Illinois 60601
Phone: (312) 641-9760
Fax: (312) 641-9751
GZelcs@koreintillery.com

Mark C. Hansen, *pro hac vice*
David C. Frederick, *pro hac vice*
Wan J. Kim, *pro hac vice*
Joseph S. Hall, *pro hac vice*
Scott K. Attaway, *pro hac vice*
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
mhansen@khhte.com
dfrederick@khhte.com
wkim@khhte.com
jhall@khhte.com
sattawy@khhte.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

 I hereby certify that on September 20, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

               /s/ Rachel E. Schwartz
               *Attorney for Plaintiff*