## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

------------------------------------------------------------------------x

NATIONAL CREDIT UNION ADMINISTRATION : \
BOARD, as Liquidating Agent of U.S. Central Federal : \
Credit Union, Western Corporate Federal Union, Members : \
United Corporate Federal Credit Union, and Southwest : \
Corporate Federal Credit Union, :

                        :   CIVIL ACTION \
             Plaintiff,     :   CASE NO. 11-cv-2341 EFM/JPO \
                        : \
        v.               : \
                        : \
J.P. MORGAN SECURITIES LLC, J.P. MORGAN : \
ACCEPTANCE CORPORATION I, AMERICAN HOME : \
MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and : \
BOND SECURITIZATION, LLC,        : \
                        : \
           Defendants.    :

------------------------------------------------------------------------x

## NOTICE OF SUPPLEMENTAL AUTHORITY

       The J.P. Morgan Defendants[1] respectfully submit this Notice to inform the Court of a

recent order issued by the Honorable Richard D. Rogers (the "Order") certifying for immediate

appeal pursuant to 28 U.S.C. § 1292(b) issues addressed in NCUAB v. RBS Securities, Inc., Civ.

Nos. 11-2340-RDR & 11-2649-RDR, 2012 WL 3028803 (D. Kan. July 25, 2012) ("RBS II").[2]

A copy of the Order is enclosed for the Court's convenience.

       In particular, the Order certifies for appeal the following issues:  (1) whether Section

1767(b)(14) of the Federal Credit Union Act (the "extender statute") applies to the statute of

---

[1]    Defined terms have the same meaning as in the J.P. Morgan Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Reply Br.").

[2]    On August 1, 2012, the Board filed a Notice (ECF No. 56) informing the Court of RBS II , to which the J.P. Morgan Defendants filed their response on August 10, 2012 (ECF No. 57).

repose contained in Section 13 of the Securities Act; and (2) whether the extender statute applies to federal and state statutory claims.  (See Order at 9.)  As Judge Rogers acknowledges, "the only other district court to address the application of the same extender statute has reached a different result than this court"[3] and "[t]here is no circuit court authority regarding this extender statute or any similar extender statute in this situation."[4]  (Id. at 6.)

If the Tenth Circuit accepts the appeal from RBS II and rules on the extender statute issues, its decision could not only "significantly narrow the scope of discovery and the proof that the parties would present at trial" in the cases before Judge Rogers, but it "may also shorten proceedings in other litigation filed in this district".  (Id. at 8-9.)  Indeed, the J.P. Morgan Defendants are of the view that this action should be stayed pending a ruling by the Tenth Circuit in NCUAB v. RBS because, as Judge Rogers recognizes, such a decision "might also streamline the litigation in NCUA Board v. J.P. Morgan Securities LLC, Case No. 11-2341-EFM, which raises similar claims and issues".  (Id. at 7.)  As previously explained:

- First, the FCU Act extender statute "clearly does not apply to statutes of repose" because, among other things, it "plainly refers to statutes of limitation.  It makes no mention whatsoever of statutes of repose".  (Reply Br. at 12 (quoting RBS I at 14).)

---

[3]    In three separate decisions, Judge Wu of the Central District of California concluded that the FCU Act extender statute does not apply to statutes of repose.  See NCUAB v. RBS Sec., Inc., No. 11-cv-05887, ECF No. 108, slip. op. at 14 (C.D. Cal. Dec. 19, 2011) (Paskin Decl. Ex. 1) (tentative ruling) ("RBS I"); NCUAB v. RBS Sec., Inc., No. 11-cv-05887, ECF No. 126, slip. op. at 1 (C.D. Cal. Jan. 30, 2012) (tentative ruling); NCUAB v. Goldman Sachs and Co., No. 11-cv-6521, ECF No. 88, slip op. at 6-8 (C.D. Cal. Mar. 15, 2012) (tentative ruling).

[4]    The court in Federal Housing Finance Agency v. UBS Americas, Inc., --- F. Supp. 2d ---, No. 1:11-cv-05201-DLC, 2012 WL 1570856 (S.D.N.Y. May 4, 2012) ("UBS") held that a virtually identical extender statute under the Housing and Economic Recovery Act of 2008 ("HERA") did apply to toll a statute of repose.  (See ECF Nos. 54, 55.)  However, the UBS court certified the issue for appeal, which the Second Circuit granted on August 14, 2012.  See 2012 U.S. Dist. LEXIS 84997 at *14 (S.D.N.Y. June 19, 2012); Federal Housing Finance Agency v. UBS Americas, Inc., No. 12-2547, ECF No. 43 (2d Cir. Aug. 14, 2012).  In certifying the issue for appeal, Judge Cote stated that, in her view, there may be reason why the HERA extender statute may toll a statute of repose whereas the FCU Act extender statute may not—namely, because while HERA was intended to ensure the solvency of Fannie Mae and Freddie Mac, whereas the FCU Act was intended to preserve the assets of credit unions.  (UBS, 2012 U.S. Dist. LEXIS 84997 at *14 ("[T]here are reasons to think that Congress was willing to go further to ensure the solvency of [Fannie Mae and Freddie Mac] than to ensure the survival of any one of the thousands of banks and credit unions around the country.").)

Because the 3-year repose period found in Section 13 of the Securities Act expired months before the Board entered into a tolling agreement with JPM, the Board's federal claims are time-barred.

- Second, with respect to the question of whether the extender statute applies to federal and state statutory claims, "the FCU Act applies specifically to tort claims and contract claims, not to statutory securities claims". (JPM Br. at 40 (collecting cases).) Because each of the Board's claims is based on a particular federal or state statutory provision, none are subject to the extender statute at all.

Further, as Judge Rogers notes, "the Tenth Circuit, if it accepts the appeal, will have the discretion to decide any issue reasonably bound up in [RBS II]". (Order at 9 (citing Yamaha Motor Cop. v. Calhoun, 516 U.S. 199, 205 (1996) ("the appellate court may address any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court") (quotations omitted).) Accordingly, the impact of a decision by the Tenth Circuit could extend to other issues common to both this case and NCUAB v. RBS. (See ECF Nos. 56, 57.)


Dated:      September 26, 2012

                            Respectfully submitted,


                            /s/  John W. Shaw
                            John W. Shaw (KS # 70091)
                            jshaw@berkowitzoliver.com
                            Thomas P. Schult (KS # 70463)
                            tschult@berkowitzoliver.com
                            Jennifer B. Wieland (KS # 22444)
                            jwieland@berkowitzoliver.com
                            BERKOWITZ OLIVER WILLIAMS
                            SHAW & EISENBRANDT LLP
                            2600 Grand Boulevard, Suite 1200
                            Kansas City, Missouri 64108
                            (816) 561-7007 (tel.)
                            (816) 561-1888 (fax)

Of Counsel:

Daniel Slifkin (NY # 2439768 )
dslifkin@cravath.com
Michael A. Paskin (NY # 2767507 )
mpaskin@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000 (tel.)
(212) 474-3200 (fax)

**Counsel for Defendants J.P. Morgan Securities
LLC, J.P. Morgan Acceptance Corporation I
and Bond Securitization, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ John W. Shaw
Counsel for Defendants J.P. Morgan Securities
LLC, J.P. Morgan Acceptance Corporation I and
Bond Securitization, LLC