IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>          Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC, J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC,<br><br>          Defendants. | Case No. 11-cv-2341 EFM/JPO |

## PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff National Credit Union Administration Board ("NCUA") respectfully submits this Response to the Notice of the J.P. Morgan Defendants ("JP Morgan") regarding Judge Rogers' decision to certify an appeal under 28 U.S.C. § 1292(b) in *NCUA v. RBS Securities, Inc., et al.*, Civ. Nos. 11-2340-RDR & 11-2649-RDR (D. Kan.) ("RBS"). While its filing is styled as a "Notice," JP Morgan goes on to suggest that "this action should be stayed pending a ruling by the Tenth Circuit." Docket No. 59 at 2. That is inappropriate for several reasons.

*First*, JP Morgan misapprehends the legal framework. The Tenth Circuit has not yet exercised its "discretion . . . to permit an appeal to be taken from [Judge Rogers'] order." 28 U.S.C. § 1292(b). That decision is likely weeks away. It would certainly be premature to stay this action in light of an appeal that may or may not be permitted at all.

233491

*Second*, even if a court of appeals accepts a certified appeal, § 1292(b) states that "proceedings in the district court" shall continue "unless the district judge or the Court of Appeals" expressly orders otherwise. *Id.* Thus, Congress intended that in the ordinary situation the very case in which the appeal has been taken would continue to proceed. In this case, no order has yet been made that could be certified for interlocutory appeal. JP Morgan offers no authority to support its request for an anticipatory stay in this case based on a certification in a related case.

*Third*, even if the Tenth Circuit permits the interlocutory appeal in the *RBS* case, and even if J.P. Morgan properly moves for a stay of these proceedings at that time in compliance with Local Rules 7.1 and 7.4(a), this Court should decline that request. J.P. Morgan claims (at 2-3) that such a decision may streamline the issues in that case, but offers no specifics. In fact, the bulk of this case should continue regardless of the outcome of an interlocutory appeal. The principal question pending certification in the *RBS* case, if applied to this case, pertains to the viability of claims for 34 Certificates under *federal* securities laws based on whether the Extender Statute, 12 U.S.C. § 1787(b)(14), extends the applicable federal statue of repose. In this case, however, NCUA has parallel claims for 29 of 34 of these Certificates under state securities laws. Further, the tolling provided under *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974), would save even more. As such, a stay in this case pending the *RBS* appeal (if granted) would be particularly inappropriate.

Dated: October 1, 2012　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　STUEVE SIEGEL HANSON LLP

　　　　　　　　　　　　　　　　　　　　　/s/ Rachel E. Schwartz
　　　　　　　　　　　　　　　　　　　　　Norman E. Siegel (D. Kan. # 70354)
　　　　　　　　　　　　　　　　　　　　　Rachel E. Schwartz (Kan. # 21782)
　　　　　　　　　　　　　　　　　　　　　460 Nichols Road, Suite 200
　　　　　　　　　　　　　　　　　　　　　Kansas City, MO 64112
　　　　　　　　　　　　　　　　　　　　　Tel: (816) 714-7100
　　　　　　　　　　　　　　　　　　　　　Fax: (816) 714-7101
　　　　　　　　　　　　　　　　　　　　　siegel@stuevesiegel.com
　　　　　　　　　　　　　　　　　　　　　schwartz@stuevesiegel.com

　　　　　　　　　　　　　　　　　　　　　George A. Zelcs, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　KOREIN TILLERY, LLC
　　　　　　　　　　　　　　　　　　　　　205 North Michigan Avenue, Suite 1950
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　Phone: (312) 641-9760
　　　　　　　　　　　　　　　　　　　　　Fax: (312) 641-9751
　　　　　　　　　　　　　　　　　　　　　GZelcs@koreintillery.com

　　　　　　　　　　　　　　　　　　　　　Mark C. Hansen, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　David C. Frederick, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　Wan J. Kim, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　Joseph S. Hall, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　Scott K. Attaway, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　KELLOGG, HUBER, HANSEN, TODD,
　　　　　　　　　　　　　　　　　　　　　　EVANS & FIGEL, P.L.L.C.
　　　　　　　　　　　　　　　　　　　　　Sumner Square
　　　　　　　　　　　　　　　　　　　　　1615 M Street, N.W., Suite 400
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　Phone: (202) 326-7900
　　　　　　　　　　　　　　　　　　　　　Fax: (202) 326-7999
　　　　　　　　　　　　　　　　　　　　　mhansen@khhte.com
　　　　　　　　　　　　　　　　　　　　　dfrederick@khhte.com
　　　　　　　　　　　　　　　　　　　　　wkim@khhte.com
　　　　　　　　　　　　　　　　　　　　　jhall@khhte.com
　　　　　　　　　　　　　　　　　　　　　sattawy@khhte.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 1, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                /s/Rachel E. Schwartz
                *Attorney for Plaintiff*