IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

------------------------------------------------------------------------x
NATIONAL CREDIT UNION ADMINISTRATION          :
BOARD, as Liquidating Agent of U.S. Central Federal  :
Credit Union, Western Corporate Federal Union, Members :
United Corporate Federal Credit Union, and Southwest  :
Corporate Federal Credit Union,               :
                                              :
                                              :  CIVIL ACTION
                    Plaintiff,                :  CASE NO. 11-cv-2341 EFM/JPO
                                              :
          v.                                  :
                                              :
J.P. MORGAN SECURITIES LLC, J.P. MORGAN       :
ACCEPTANCE CORPORATION I, AMERICAN HOME       :
MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and   :
BOND SECURITIZATION, LLC,                     :
                                              :
                    Defendants.               :
------------------------------------------------------------------------x

**J.P. MORGAN DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

The J.P. Morgan Defendants[1] hereby respond to the Notice (ECF No. 58) filed by the Board informing the Court of NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., No. 11-cv-2762, 2012 WL 3854431 (2d Cir. Sept. 6, 2012) ("NECA").  The J.P. Morgan Defendants respectfully submit that the NECA decision is an outlier on the relevant standing issues and, accordingly, does not support denial of the J.P. Morgan Defendants' pending motion to dismiss.

First, as an initial matter, although the Board contends that NECA supports the Board's "ability to obtain American Pipe tolling for several of the certificates in the Complaint" (Notice

---

[1]   Defined terms have the same meaning as in the J.P. Morgan Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Reply Br.").

at 2), American Pipe tolling is entirely irrelevant because the Board's claims had already expired before any purportedly tolling class action was filed (see JPM Br. at 38).

Second, the J.P. Morgan Defendants respectfully disagree with the NECA court's ruling that a class plaintiff has standing to assert claims based on offerings from which it did not purchase any Certificates where those claims implicate the "same set of concerns" (i.e., when RMBS certificates were tied to a common registration statement and were backed by loans originated by common originators). NECA, 2012 WL 3854431, at *13. The NECA court drew its "same set of concern" language from Supreme Court jurisprudence involving constitutional and civil rights claims,[2] yet it ignored that another circuit court had already ruled in the RMBS context that a plaintiff may not assert claims on behalf of an absent class of investors in other offerings. See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (holding that plaintiffs' claims "fail so far as they are based on the six trusts whose certificates were purchased by no named plaintiff"). Indeed, every other court to consider the issue of offering-based standing[3] in an RMBS case has limited standing to

---

[2] See, e.g., Gratz v. Bollinger, 539 U.S. 244, 267 (2003) (class action alleging equal protection violations in context of university admissions); Lewis v. Casey, 516 U.S. 804 (1996) (prisoners' right of access to courts and counsel); Blum v. Yaretsky, 457 U.S. 991 (1982) (due process violations alleged by nursing home residents).

[3] Specifically, prior to NECA, every district court within the Second Circuit had similarly held that a plaintiff lacks standing to challenge MBS offerings in which no named plaintiff had purchased. See, e.g., Emp's. Ret. Sys. of the Gov't. of the Virgin Islands v. J.P. Morgan Chase & Co., 804 F. Supp. 2d 141, 150 (S.D.N.Y. 2011); In re IndyMac Mortg.-Backed Sec. Litig., 718 F. Supp. 2d 495, 501 (S.D.N.Y. 2010); Pub. Emp's. Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc., 714 F. Supp. 2d 475, 480-81, 485 (S.D.N.Y 2010); City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc., 703 F. Supp. 2d 253, 260 (E.D.N.Y. 2010); Mass. Bricklayers & Masons Funds v. Deutsche Alt-A Secs., No. CV 08-3178, 2010 WL 1370962, at *1 (E.D.N.Y. Apr. 6, 2010); N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc., No. 08 Civ 5653 (PAC), 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010); N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC, 720 F. Supp. 2d 254, 265-66 (S.D.N.Y. 2010); In re Lehman Bros. Sec. & ERISA Litig., 684 F. Supp. 2d 485, 490 (S.D.N.Y. 2010); N.J. Carpenters Health Fund v. Residential Capital, LLC, No. 08 CV 8781(HB), 2010 WL 1257528, at *4 (S.D.N.Y. Mar. 31, 2010); In re Morgan Stanley Mortg. Pass-Through Certificates Litig., No. 09 Civ. 2137(LTS)(MHD), 2010 WL 3239430, at *1, *5 & n.6 (S.D.N.Y. Aug. 17, 2010); see also Plumbers' & Pipefitters' Local # 562 Supp. Plan & Trust v. JP Morgan Acceptance Corp 1, et al., No. 08 CV 1713(ERK)(WDW), 2012 WL 601448, at *6 (E.D.N.Y. Feb. 23, 2012) ("Plumbers").

only those offerings in which a named plaintiff actually bought securities. See, e.g., id.; Me. State Ret. Sys. v. Countrywide Fin. Corp., 722 F. Supp. 2d 1157, 1164 & n.6 (C.D. Cal. 2010) ("Every court to address the issue in a MBS class action has concluded that a plaintiff lacks standing . . . to represent the interests of investors in MBS offerings in which the plaintiff did not themselves buy.") (collecting cases). NECA does not cite to any decision supporting a similarly expansive view of standing in the RMBS context because, quite simply, there are none.

Third, not only does the Second Circuit stand alone among courts addressing the issue of standing in the RMBS context, it also fails to analyze one of the principal bases for those decisions: statutory standing under the Securities Act of 1933. The NECA court explicitly bases its holding on a review of Article III standing requirements. See NECA, 2012 WL 3854431, at *1. However, "the plain text of the Securities Act dictates that [a plaintiff] must have acquired or purchased the security on which they sue." Me. State Ret. Sys. v. Countrywide Fin. Corp., No. 10-CV-0302, 2011 WL 4389689, at *6 (C.D. Cal. May 5, 2011). See also In re Wachovia Equity Sec. Litig., 753 F. Supp. 2d 326, 369 (S.D.N.Y. 2011) ("The text of Sections 11 and 12(a)(2) also precludes [plaintiffs] from bringing claims for losses in securities they never purchased or acquired."); In re Wash. Mut. Mortg.-Backed Sec. Litig., 276 F.R.D. 658, 663 (W.D. Wash. 2011) ("WaMu") ("This Court and others have construed this section of the Act to require the plaintiff to have actually purchased the security upon which it seeks to sue.").[4] Given this lack of statutory standing analysis, the NECA decision was wrongly decided.

---

[4] Section 11(a) provides that where a material fact is misstated or omitted from a registration statement filed with the Securities and Exchange Commission, "any person acquiring such security" may bring an action for losses caused by the misstatement or omission. 15 U.S.C. § 77k(a)) (emphasis added). A 1Section 12(a)(2) claim can be asserted only by "the person purchasing such security". Id. at § 77l(a)(2)) (emphasis added).

Fourth, the J.P. Morgan Defendants also respectfully disagree with the NECA court's ruling that a putative class representative does not necessarily "lack[] standing to represent Certificate-holders outside the specific tranche from which it purchased". NECA, 2012 WL 3854431, at *8. When squarely presented with the issue, a number of courts[5] have supported the view that named plaintiffs do not have standing to pursue claims relating to those specific securities (i.e., tranches) that they did not purchase. See WaMu, 276 F.R.D. at 663 (reasoning that because "[t]he very point of pooling mortgages and creating tranches is to create different securities whose credit and risk profiles attract different purchasers ", a plaintiff's standing is "limited only to those tranches in which they actually purchased certificates"). See also JPM Br. at 39 (collecting cases); Reply Br. at 19 n. 14. Accordingly, even if American Pipe tolling does apply—and, again, it does not—the Board would only benefit from such tolling with respect to the one tranche purchased by the Credit Unions that is at issue in any purportedly tolling class action.[6]

---

[5] See Plumbers', 2012 WL 601448, at *7 & n.8; Allstate Ins. Co. v. Countrywide Fin. Corp., No. 2:11-cv-05236, 2011 WL 5067128, at *10 (C.D. Cal. Oct. 21. 2011); WaMu, 276 F.R.D. 658 at 663; Maine State, 2011 WL 4389689, at *2. Although NECA is neither persuasive nor controlling authority, the Plumbers' court, bound by the Second Circuit's ruling, subsequently issued an order complying with the NECA decision. See Plumbers' & Pipefitters' Local # 562 Supp. Plan & Trust v. JP Morgan Acceptance Corp 1, et al., No. 08 CV 1713(ERK)(WDW), 2012 WL 4053716 (E.D.N.Y. Sept. 14, 2012).

[6] I.e., IndyMac INDXMLT 2006-AR29 Class A1. (See JPM Br. at 40 & n.39.)

Dated: October 10, 2012

Respectfully submitted,

/s/ John W. Shaw
John W. Shaw (KS # 70091)
jshaw@berkowitzoliver.com
Thomas P. Schult (KS # 70463)
tschult@berkowitzoliver.com
Jennifer B. Wieland (KS # 22444)
jwieland@berkowitzoliver.com
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
(816) 561-7007 (tel.)
(816) 561-1888 (fax)

Of Counsel:

Daniel Slifkin (NY # 2439768 )
dslifkin@cravath.com
Michael A. Paskin (NY # 2767507 )
mpaskin@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000 (tel.)
(212) 474-3200 (fax)

**Counsel for Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I and Bond Securitization, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                        /s/ John W. Shaw
                                        Counsel for Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I and Bond Securitization, LLC