## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION ) 
ADMINISTRATION BOARD, as )
Liquidating Agent of U.S. Central Federal )
Credit Union, Western Corporate Federal )
Credit Union, Members United Corporate ) Case No. 11-cv-2341 EFM/JPO
Federal Credit Union, and Southwest )
Corporate Federal Credit Union, )
  )
               Plaintiff, )
  )
v. )
  )
J.P. MORGAN SECURITIES LLC, )
J.P. MORGAN ACCEPTANCE )
CORPORATION I, AMERICAN HOME )
MORTGAGE ASSETS LLC, INDYMAC )
MBS, INC., and BOND SECURITIZATION, )
LLC, )
  )
               Defendants. )

## NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING
### *IN RE COUNTRYWIDE FINANCIAL CORP.*
### *MORTGAGE-BACKED SECURITIES LITIGATION*

Plaintiff National Credit Union Administration Board ("NCUA") respectfully submits this

Notice to inform the Court of a recent order by Judge Pfaezler of the Central District of California

in *Federal Housing Finance Agency v. Countrywide Financial Corp.,* Case No. 2:12-CV-1059 (MANx) (C.D.

Cal. Oct. 18, 2012), attached as Exhibit A. The *Countrywide* order provides additional support for

NCUA's position that its extender statute, 12 U.S.C. § 1787(b)(14), renders NCUA's claims timely.

Construing a parallel statute, the *Countrywide* order followed recent decisions in *Federal Housing Finance*

*Agency v. UBS Americas, Inc.,* 858 F. Supp. 2d 306 (S.D.N.Y. 2012) (Cote, J.) ("*UBS*"), *leave to appeal*

*granted,* No. 12-2547 (2d Cir. Aug. 14, 2012), and *NCUA v. RBS Securities, Inc.,* No. 11-2340-RDR,

2012 WL 3028803 (D. Kan. July 25, 2012) (Rogers, J.) ("*RBS*"), *certificate of appealability granted,* 2012

WL 4210500 (D. Kan. Sept. 19, 2012), to conclude that Congress intended the statutory language to

extend a federal agency's time to bring the kind of securities claims at issue here.  *See* Dkt. Nos. 54, 56 (previous submissions on *UBS* and *RBS*).

Like Judge Cote in *UBS* and Judge Rogers in *RBS*, Judge Pfaezler dealt systematically with the arguments that defendants have asserted.  *First*, the *Countrywide* order considered and rejected the argument that FHFA's extender statute (nearly identical to NCUA's statute in this case, *see* Ex. A at 13 n.7) does not apply to the three-year limitations period of § 13 of the Securities Act of 1933, 15 U.S.C. § 77m, because the statute extends the "statute of limitations" and the three-year period is a "statute of repose."  *See id.* at 7-16; *cf.* J.P. Morgan Defs.' Reply Mem. of Law in Supp. of Mot. To Dismiss at 11-12 ("Reply") (Dkt. No. 40).  In doing so, the *Countrywide* court considered evidence of congressional and judicial usage over the past two decades to conclude that, "in referencing 'statute of limitations' in" FHFA's extender statute, "Congress included any relevant periods of repose." Ex. A at 11; *see id.* at 13 (observing that, over the past two decades, "a wealth of sources including Congress itself continued to use the *terms* interchangeably").[1]

The court observed that the decisions in *UBS* and *RBS* had reached the same conclusion, *see id.*, and persuasively criticized contrary authority on which defendants have relied for disregarding important evidence of statutory meaning.[2]  The court's decision was further reinforced by the principle that "any ambiguous limitations period is interpreted in favor of the FHFA" because it is

---

[1] Judge Pfaezler also found "not dispositive" the fact that FHFA's extender statute used the word "accrue," reasoning that, even if this word is not usually associated with statutes of repose, Congress's "single reference" to a date of accrual did "not outweigh the wealth of other contextual evidence" that the extender statute was intended to include statutes of repose.  Ex. A at 12; *cf.* Dkt. No. 55, at 2-3 (defendants in this case make a similar argument based on the word "accrue" in NCUA's extender statute).

[2] *See* Ex. A at 13 (criticizing the tentative rulings by Judge Wu in *NCUA v. RBS Securities, Inc.*, No. 11-cv-05887 (C.D. Cal.), on which defendants rely in their Reply at 11-12 and throughout their supplemental submission at Dkt. No. 57); *id.* (criticizing *Resolution Trust Corp. v. Olson*, 768 F. Supp. 283 (D. Ariz. 1991), on which defendants rely in their Reply at 12).

an agency of the United States, *id.* at 14-16, a principle that applies equally to NCUA in this case. See *RBS*, 2012 WL 3028803, at *16-17.

      *Second*, the *Countrywide* order considered and rejected the argument that FHFA's extender statute does not apply to federal statutory claims, but only to state contract and tort claims.  *See* Ex. A at 16-18; *cf.* J.P. Morgan Defs.' Mem. of Law in Supp. of Mot. To Dismiss at 40-41 (Dkt. No. 29). In doing so, Judge Pfaezler observed that the defendants' contrary argument "ignores the broad language that Congress used," which "applies to 'any action' brought by [the agency]."  Ex. A at 17. She further noted that "[c]ourts often apply statutes of limitation to claims not easily characterized as 'tort' or 'contract' claims."  *Id.*  In reaching this conclusion, the *Countrywide* court was again in accord with both the *UBS* and *RBS* courts.  *See id.*

      .

Dated:     October 24, 2012                    Respectfully submitted,

                                               STUEVE SIEGEL HANSON LLP

                                               /s/ Rachel E. Schwartz
                                               Norman E. Siegel (D. Kan. # 70354)
                                               Rachel E. Schwartz (Kan. # 21782)
                                               460 Nichols Road, Suite 200
                                               Kansas City, Missouri 64112
                                               Tel: (816) 714-7100
                                               Fax: (816) 714-7101
                                               siegel@stuevesiegel.com
                                               schwartz@stuevesiegel.com

                                               George A. Zelcs, *pro hac vice*
                                               KOREIN TILLERY, LLC
                                               205 North Michigan Avenue, Suite 1950
                                               Chicago, Illinois 60601
                                               Phone: (312) 641-9760
                                               Fax: (312) 641-9751
                                               GZelcs@koreintillery.com

                                               Mark C. Hansen, *pro hac vice*
                                               David C. Frederick, *pro hac vice*
                                               Wan J. Kim, *pro hac vice*
                                               Joseph S. Hall, *pro hac vice*
                                               Scott K. Attaway, *pro hac vice*
                                               KELLOGG, HUBER, HANSEN, TODD,
                                                    EVANS & FIGEL, P.L.L.C.
                                               Sumner Square
                                               1615 M Street, N.W., Suite 400
                                               Washington, D.C. 20036
                                               Phone: (202) 326-7900
                                               Fax: (202) 326-7999
                                               mhansen@khhte.com
                                               dfrederick@khhte.com
                                               wkim@khhte.com
                                               jhall@khhte.com
                                               sattaway@khhte.com

                                               *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/Rachel E. Schwartz
*Attorney for Plaintiff*