**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

```
-----------------------------------------------------------------------x
```
NATIONAL CREDIT UNION ADMINISTRATION :
BOARD, as Liquidating Agent of U.S. Central Federal :
Credit Union, Western Corporate Federal Union, Members :
United Corporate Federal Credit Union, and Southwest :
Corporate Federal Credit Union, :
                   : CIVIL ACTION
            Plaintiff, : CASE NO. 11-cv-2341 EFM/JPO
                   :
          v. :
                   :
J.P. MORGAN SECURITIES LLC, J.P. MORGAN :
ACCEPTANCE CORPORATION I, AMERICAN HOME :
MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and :
BOND SECURITIZATION, LLC, :
                   :
           Defendants. :
```
-----------------------------------------------------------------------x
```

**J.P. MORGAN DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

The J.P. Morgan Defendants[1] hereby respond to the Notice (ECF No. 62) filed by the

Board informing the Court of <u>Federal Housing Finance Agency v. Countrywide Financial Corp.</u>,

Case No. 2:12-CV-1059 MRP (MANx) (C.D. Cal. Oct. 18, 2012) ("<u>Countrywide</u>").  The J.P.

Morgan Defendants respectfully submit that <u>Countrywide</u> was wrongly decided and is

distinguishable.  At most, <u>Countrywide</u> only serves to illustrate that courts are divided as to

whether extender statutes such as that found under the FCU Act[2] apply to:  (1) the statute of

repose contained in Section 13 of the Securities Act; and (2) federal and state statutory claims.

---

[1] Defined terms have the same meaning as in the J.P. Morgan Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Reply Br.").

[2] <u>See</u> 12 U.S.C. § 1787(b)(14) ("Extender Statute").  <u>Countrywide</u> involved a virtually identical extender provision under the Housing and Economic Recovery Act of 2008 ("HERA").

The parties have thoroughly briefed the issues raised in the Notice,[3] and, as discussed earlier, the J.P. Morgan Defendants are of the view that this action should be stayed pending a ruling by the Tenth Circuit on these exact issues.  See ECF No. 59; see also NCUAB v. RBS Sec., Inc., Case Nos. 12-606, 12-607 (10th Cir.).

First, the Countrywide court improperly looked beyond plain statutory language to find that "in referencing 'statute of limitations' in HERA, Congress included any relevant periods of repose".  (Countrywide at 9, 11.)  The court heavily relied on McDonald v. Sun Oil Co., 548 F.3d 774 (9th Cir. 2008), in which the Ninth Circuit found that "[t]he term 'statute of limitations' was ambiguous regarding whether it included statutes of repose when [the statute at issue] was enacted in 1986".  548 F.3d at 781; Countrywide at 11-13.  Such an approach, however, conflicts with the United States Supreme Court's instruction that "when the statutory language is plain, [courts] must enforce it according to its terms".  NCUAB v. RBS Sec., Inc., Case No. 2:11-cv-05887-GW-JEM, ECF No. 108, slip op. at 15 (C.D. Cal. Dec. 19, 2011) ("RBS I") (quoting Jiminez v. Quarterman, 555 U.S. 113, 118 (2009)).  Indeed, Judge Wu in RBS I found that McDonald, which did not deal with the Extender Statute "(or any other substantially similar statute) . . . is not controlling on this question.  Congress's plain language is".  (RBS I at 15-16).  In a subsequent ruling, Judge Wu further emphasized that courts "have repeatedly distinguished [statutes of limitations and statutes of repose] over the past 70-plus years" and that, were this not the case, the Ninth Circuit's observation of "'ambiguity' in the term 'statute of limitations' as of 1986 would make no sense" because "the single term would always be taken as referring to both" statutes of limitations and statutes of repose.  NCUAB v. RBS Sec., Inc., Case No. 2:11-cv-5887-GW-JEM, ECF No. 126, slip op. at 2 (C.D. Cal. Jan. 30, 2012).  The decision in RBS I

---

[3] See, e.g., JPM Br. at 40-42; Opp. Br. at 43-45; Reply Br. at 19; ECF Nos. 54, 55, 56, 57, 59, 60.

reflects the sounder approach.[4]

      <u>Second</u>, even if this Court does look beyond the plain language of the FCU Act extender statute – which it should not – the <u>Countrywide</u> court's analysis is distinguishable as it is limited to the unique context of the HERA extender statute.  The court based its ruling in part on the fact that "HERA was passed in an emergency session of Congress, as the housing markets entered crisis", and that interpreting HERA to extend periods of repose accorded with that statute's purpose to grant FHFA "'more time to decide whether and how to pursue any claims it inherited as Fannie Mae's newly-appointed conservator'".  (<u>Countrywide</u> at 16 (quoting <u>Fed. Hous. Fin. Agency v. UBS Americas, Inc.</u>, 858 F. Supp. 2d 306, 316 (S.D.N.Y. 2012) ("<u>UBS</u>")).)  As Judge Cote recognized in <u>UBS</u>, cases involving the FCU Act "do not bear directly on the issue before the Court:  the proper interpretation that is to be given to HERA, a different statute, enacted under different circumstances, and addressed to a different class of problems", and, accordingly, the HERA extender statute may toll a statute of repose whereas the FCU Act extender statute may not as "there are reasons to think that Congress was willing to go further to ensure the solvency of [Fannie Mae and Freddie Mac] than to ensure the survival of any one of the thousands of banks and credit unions around the country."  <u>UBS</u>, 858 F. Supp. 2d at 340.

---

[4] In finding that the HERA extender provision applies to statutory securities claims, the <u>Countrywide</u> court again wrongly looked beyond the plain language of the statute.  (<u>See</u> <u>Countrywide</u> at 17.)  As previously explained, "the FCU Act applies specifically to tort claims and contract claims, not to statutory securities claims".  <u>See</u>  JPM Br. at 40-41 (collecting cases).

Dated:    November 6, 2012                  Respectfully submitted,


                                            /s/ John W. Shaw
                                            John W. Shaw (KS # 70091)
                                            jshaw@berkowitzoliver.com
                                            Thomas P. Schult (KS # 70463)
                                            tschult@berkowitzoliver.com
                                            Jennifer B. Wieland (KS # 22444)
                                            jwieland@berkowitzoliver.com
                                            BERKOWITZ OLIVER WILLIAMS
                                            SHAW & EISENBRANDT LLP
                                            2600 Grand Boulevard, Suite 1200
                                            Kansas City, Missouri 64108
                                            (816) 561-7007 (tel.)
                                            (816) 561-1888 (fax)

                                            Of Counsel:

                                            Michael A. Paskin (NY # 2767507)
                                            mpaskin@cravath.com
                                            CRAVATH, SWAINE & MOORE LLP
                                            825 Eighth Avenue
                                            New York, New York 10019
                                            (212) 474-1000 (tel.)
                                            (212) 474-3200 (fax)

                                            **Counsel for Defendants J.P. Morgan Securities
                                            LLC, J.P. Morgan Acceptance Corporation I
                                            and Bond Securitization, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ John W. Shaw
Counsel for Defendants J.P. Morgan Securities
LLC, J.P. Morgan Acceptance Corporation I and
Bond Securitization, LLC