## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ------------------------------------------------------------------------- x | |
| NATIONAL CREDIT UNION ADMINISTRATION : | |
| BOARD, as Liquidating Agent of U.S. Central Federal : | |
| Credit Union, Western Corporate Federal Union, Members : | |
| United Corporate Federal Credit Union, and Southwest : | |
| Corporate Federal Credit Union, : | |
| : | CIVIL ACTION |
| Plaintiff, : | CASE NO. 11-cv-2341 EFM/JPO |
| : | |
| v. : | |
| : | |
| J.P. MORGAN SECURITIES LLC, J.P. MORGAN : | |
| ACCEPTANCE CORPORATION I, AMERICAN HOME : | |
| MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and : | |
| BOND SECURITIZATION, LLC, : | |
| : | |
| : | |
| Defendants. : | |
| ------------------------------------------------------------------------- x | |

### J.P. MORGAN DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A TEMPORARY STAY PENDING THE TENTH CIRCUIT'S REVIEW OF *NCUAB v. RBS*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...........................................................................................................................4

I.       Applicable Legal Standards. ......................................................................................4

II.      The Relevant Factors Support a Stay....................................................................5

        A.     A Temporary Stay Will Promote Judicial Efficiency. .............................................5

        B.     A Temporary Stay Will Not Prejudice the Plaintiff..................................................6

        C.     A Temporary Stay Will Benefit the Parties. ...........................................................6

        D.     A Temporary Stay Will Be In the Interest of (1) the Public and (2)
               Non-Parties. ........................................................................................................7

CONCLUSION.......................................................................................................................7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Beltronics USA, Inc. v. Midwest Inventory Distribution LLC, 545 F. Supp. 2d 1188
(D. Kan. 2008) ....................................................................................................4, 7

Brin v. State, No. 97-4243-SAC, 2000 WL 1542830 (D. Kan. Sept. 19, 2000) ........................5, 7

Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. Envtl. Prot. Agency, 630
F. Supp. 2d 295 (S.D.N.Y. 2009) ...........................................................................6

Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d
1477 (10th Cir. 1983)...............................................................................................6

Cosgrove v. Kansas Dept. of Soc. and Rehabilitative Servs., 744 F. Supp. 2d 1178 (D.
Kan. 2010)...............................................................................................................7

Fagan v. Republic of Austria, No. 08 Civ. 6715(LTS)(JCF), 2009 WL 1423338
(S.D.N.Y. May 19, 2009)........................................................................................4

FDIC v. Renda, No. 85–cv-2216–O, 1987 WL 348635 (D. Kan. Aug. 6, 1987) ..........................5

In re Bear Stearns Mortg. Pass-Through Certificates Litig., No. 08 Civ. 8093(LTS),
slip op. (S.D.N.Y. May 16, 2012) ..........................................................................7

In re Fin. Asset Sec. Corp. v. NCUAB, Case No. 12-607, Doc. No. 1018945580 (10th
Cir. Nov. 6, 2012) ...................................................................................................3

In re Nomura Home Equity Loan, Inc. v. NCUAB, Case No. 12-606, Doc. No.
1018945557 (10th Cir. Nov. 6, 2012) ....................................................................3

Klaver Construction Co., Inc. v. Kansas Dep't of Transportation, No. CIV.A. 99-
2510KHV, 2001 WL 1000679 (D. Kan. Aug. 23, 2001)........................................5

Landis v. N. Am. Co., 299 U.S. 248 (1936) ...............................................................................4, 6

Mayberry v. E.P.A., No. 06-2575-CM-DJW, 2008 WL 104208 (D. Kan. Jan. 9, 2008) ...............4

NCUAB v. Goldman Sachs and Co., No. 11-cv-6521, ECF No. 88, slip op. at 6-8
(C.D. Cal. Mar. 15, 2012) .....................................................................................2, 5

NCUAB v. RBS Sec., Inc., Civ. No. 11-2649-RDR, 2012 WL 4210500 (D. Kan. Sept.
19, 2012) ....................................................................................................... passim

NCUAB v. RBS Sec., Inc., No. 11-cv-05887, ECF No. 108, slip. op. (C.D. Cal. Dec.
19, 2011) ...............................................................................................................2, 5

NCUAB v. RBS Sec., Inc., No. 11-cv-05887, ECF No. 126, slip. op. (C.D. Cal. Jan. 30, 2012) ..................................................................................................................5

NCUAB v. RBS Sec., Inc., Civ. No. 11-2340-RDR, 2012 WL 3028803 (D. Kan. July 25, 2012) ..............................................................................................................1, 2, 8

Yamaha Motor Cop. v. Calhoun, 516 U.S. 199 (1996) ...................................................6

**Statutes & Rules**

12 U.S.C. § 1787(b)(14)(B)(i) ......................................................................................1, 2, 3, 5

28 U.S.C. § 1292(b) ......................................................................................................2

Section 11 of the Securities Act of 1933 ......................................................................1

Section 12(a)(2) of the Securities Act of 1933 ............................................................1

Section 13 of the Securities Act of 1933 ...............................................................1, 2, 3

**PRELIMINARY STATEMENT**

Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I and Bond Securitization, LLC (the "J.P. Morgan Defendants") respectfully submit this memorandum of law in support of their motion for a temporary stay pending the Tenth Circuit's interlocutory review of the Honorable Judge Richard D. Rogers's motion to dismiss decision in National Credit Union Administration Board v. RBS Securities, Inc., Civ. Nos. 11-2340-RDR & 11-2649-RDR, 2012 WL 3028803 (D. Kan. July 25, 2012) ("RBS"), which involves issues substantially identical to dispositive issues raised in the J.P. Morgan Defendants' Motion to Dismiss the Complaint (ECF No. 28) (the "Motion to Dismiss").

The Board filed the complaint in this action on June 20, 2011 (the "Complaint").  The Complaint asserts claims in the Board's capacity as liquidating agent of four failed credit unions under Sections 11 and 12(a)(2) of the Securities Act of 1933 and four state Blue Sky statutes, all based on alleged misstatements in offering documents for residential mortgage-backed securities ("RMBS").  The Complaint alleges that, "[f]or actions brought by the NCUA Board as Liquidating Agent, the [Federal Credit Union] Act extends the statute of limitations for at least three years from the date of the appointment of the NCUA Board as Conservator or Liquidating Agent".  (Compl. ¶ 319 (citing 12 U.S.C. § 1787(b)(14)(B)(i) (the "Extender Statute")).)

On October 27, 2011, the J.P. Morgan Defendants moved to dismiss the Complaint on the ground that, among other things, all of the Board's claims are time-barred.  (See J.P. Morgan Defs.' Mem. of Law in Support of Their Mot. to Dismiss the Compl. (ECF No. 29) (the "JPM Brief") at 30-44; J.P. Morgan Defendants' Reply Mem. of Law in Support of Their Mot. to Dismiss the Compl. (ECF No. 40) (the "Reply Brief") at 11-20.)  The J.P. Morgan Defendants argued that the Extender Statute cited in the Complaint does not make the Board's claims timely

because, inter alia:  (1) the Extender Statute does not toll the three-year statute of repose set forth

in Section 13 of the Securities Act;[1] and (2) the Extender Statute does not apply to federal or

state statutory claims at all.[2]

In addition to this action, the Board has asserted similar claims and allegations as

liquidating agent of failed credit unions in at least seven substantially similar cases,[3] two of

which were consolidated in this district before Judge Richard D. Rogers:  National Credit Union

Administration Board v. RBS Securities, Inc., Case No. 11-2340 and National Credit Union

Administration Board v. Wachovia Capital Markets, LLC, Case No. 11-2649.  On July 25, 2012,

Judge Rogers denied in part the RBS defendants' motions to dismiss the consolidated RBS

action, ruling that the Extender Statute tolled the Board's claims.  See RBS, 2012 WL 3028803,

at *13-18.  Subsequently, on September 19, 2012, Judge Rogers certified for interlocutory appeal

pursuant to 28 U.S.C. § 1292(b) two issues:  (1) whether the Extender Statute applies to the

statute of repose contained in Section 13 of the Securities Act; and (2) whether the Extender

Statute applies to federal and state statutory claims.  (See NCUAB v. RBS Sec., Inc., Civ. Nos.

---

[1] See, e.g., Reply Br. at 12 (the Extender Statute "clearly does not apply to statutes of repose" because, among other things, it "plainly refers to statutes of limitation.  It makes no mention whatsoever of statutes of repose.") (quoting NCUAB v. RBS Sec., Inc., No. 11-cv-05887, ECF No. 108, slip. op. at 14 (C.D. Cal. Dec. 19, 2011) (Ex. 1).  Documents appended as exhibits to the accompanying Declaration of Benjamin D. Brutlag, Esq. are referred to herein as "Ex. __".

[2] See, e.g., JPM Br. at 40-41 (noting that the Extender Statute "applies specifically to tort and contract claims, not to statutory securities claims" and that because the Board's claims are based on a "particular statutory provision . . . the Board's claims are not subject to the FCU Act extension at all").

[3] The Board has filed the following additional actions in the United States District Court for the District of Central California:  (1) NCUAB v. Goldman Sachs & Co. (Case No. 11-cv-6521-GW-JEM); and (2) NCUAB v. RBS Sec., Inc. (Case No. 11-cv-5887-GW-JEM).  The Board also has filed the following additional actions in this District:  (1) NCUAB v. Barclays Capital Inc. (Case No. 12-cv-02631-KHV-GLR); (2) NCUAB v. Credit Suisse Sec. (USA) LLC (Case No. 12-cv-02648-JWL-JPO); (3) NCUAB v. RBS Sec., Inc. (Case No. 11-cv-2340-RDR-KGS); (4) NCUAB v. Wachovia Capital Markets, LLC (Case No. 11-cv-02649-JAR-KGS); and (5) NCUAB v. UBS Sec., LLC (Case No. 12-cv-2591-KHV-GLR).

11-2340-RDR & 11-2649-RDR, 2012 WL 4210500, at *4 (D. Kan. Sept. 19, 2012).[4]  On

November 6, 2012, the Tenth Circuit granted the RBS defendants' petitions for interlocutory

appeal on both those issues.  See In re Fin. Asset Sec. Corp. v. NCUAB, Case No. 12-607, Doc.

No. 1018945580 (10th Cir. Nov. 6, 2012) (Ex. 2); In re Nomura Home Equity Loan, Inc. v.

NCUAB, Case No. 12-606, Doc. No. 1018945557 (10th Cir. Nov. 6, 2012) (Ex. 3).

The extender statute issues currently before the Tenth Circuit are identical to the extender

statute issues raised here.  If the Tenth Circuit reverses the decision of Judge Rogers in RBS, it

will, at a minimum, require the dismissal of federal claims relating to 11 of the 34 RMBS

certificates at issue and two of the five defendants in this case.[5]  Depending on how this Court

rules on other aspects of the Motion to Dismiss, it might require dismissal of the entire

Complaint.  In light of these circumstances, this action should be stayed.  The Board, which

already is litigating the extender statute issues before the Tenth Circuit, will not be prejudiced by

this slight delay.  On the other hand, judicial economy will be promoted and the parties'

resources preserved by staying this action.  For those reasons and the others set forth below, the

---

[4] Judge Rogers's dismissal and certification rulings in RBS are the subject of notices of supplemental authority and related responses by the parties to this action.  See ECF Nos. 56, 57, 59, 60.

[5] The Board concedes that all RMBS certificates at issue were purchased more than three years before October 2010, when the Board entered into a tolling agreement with the J.P. Morgan Defendants.  (See Compl. Tables 1 and 2.)  While the Board asserts that its claims as to 23 certificates are subject to American Pipe tolling (see Compl. Table 7), the Board does not allege any basis, other than the Extender Statute, for the tolling of Section 13's statute of repose with respect to federal claims relating to purchases of the 11 other certificates at issue.  (Compare Compl. Tables 1, 2 with Compl. Table 7.)  Accordingly, if the Extender Statute is found by the Tenth Circuit not to toll Section 13's statute of repose, then federal claims as to those 11 certificates must be dismissed.

Furthermore, because the only causes of action asserted against defendants Bond Securitization, LLC and American Home Mortgage Assets, LLC are federal claims relating to two of the certificates referenced above – purchased in the C-BASS 2006-CB7 and American Home Mortgage Assets Trust 2007-3 offerings, respectively – all claims against Bond Securitization, LLC and American Home Mortgage Assets, LLC must also be dismissed. (See Compl. ¶¶ 21, 22 and Counts I and II.)

J.P. Morgan Defendants respectfully request that the Court temporarily stay this action and defer ruling on the Motion to Dismiss pending the Tenth Circuit's review of RBS.

## ARGUMENT

**I.      APPLICABLE LEGAL STANDARDS.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Beltronics USA, Inc. v. Midwest Inventory Distribution LLC, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (noting that a "court has the power to stay proceedings pending before it as part of its inherent power to control its docket").  A court has discretionary authority to "stay proceedings in a number of situations, includ[ing] when a higher court is about to decide a pertinent issue of law." Fagan v. Republic of Austria, No. 08 Civ. 6715(LTS)(JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009); Beltronics, 545 F. Supp. at 1190 (granting stay where resolution of an "issue by the Tenth Circuit could clarify the appropriate parameters for future discovery and motion practice in this case, thereby streamlining the course of this litigation").  When exercising its discretion, a court "must weigh competing interests and maintain an even balance".  Beltronics, 545 F. Supp. at 1189 (quoting Landis, 299 U.S. at 255); Mayberry v. E.P.A., No. 06-2575-CM-DJW, 2008 WL 104208, at *1 (D. Kan. Jan. 9, 2008) (finding that "a stay would strike a balance between conserving resources and providing [p]laintiff access to the courts").

In determining whether to stay an action, courts in this district generally look to the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public

4

interest." <u>Klaver Construction Co., Inc. v. Kansas Dep't of Transportation</u>, No. CIV.A. 99-

2510KHV, 2001 WL 1000679, at *3 (D. Kan. Aug. 23, 2001) (citing <u>FDIC v. Renda</u>, No. 85–cv-

2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987).)

**II.      THE RELEVANT FACTORS SUPPORT A STAY.**

All of the relevant factors in determining whether to issue a stay weigh heavily in favor

of temporarily staying this action pending the Tenth Circuit's review of <u>RBS</u>.

**A.      A Temporary Stay Will Promote Judicial Efficiency.**

There is substantial uncertainty as to whether <u>RBS</u> was properly decided.  As Judge

Rogers noted in certifying for appeal the extender statute issues currently before the Tenth

Circuit, "the only other district court to address the application of the same extender statute has

reached a different result than this court" and "[t]here is no circuit court authority regarding this

extender statute or any similar extender statute in this situation."  <u>RBS</u>, 2012 WL 4210500, at *3.

Indeed, in three separate decisions, Judge Wu of the Central District of California concluded that

the Extender Statute does not apply to statutes of repose.  See <u>NCUAB v. RBS Sec., Inc.</u>,

No. 11-cv-05887, ECF No. 108, slip. op. at 14 (C.D. Cal. Dec. 19, 2011) (Ex. 1); <u>NCUAB v.</u>

<u>RBS Sec., Inc.</u>, No. 11-cv-05887, ECF No. 126, slip. op. at 1 (C.D. Cal. Jan. 30, 2012) (Ex. 4);

<u>NCUAB v. Goldman Sachs and Co.</u>, No. 11-cv-6521, ECF No. 88, slip op. at 6-8 (C.D. Cal.

Mar. 15, 2012) (Ex. 5).  The Tenth Circuit's ruling will provide this Court with clear and

definitive guidance with respect to dispositive issues it must address in ruling on the Motion to

Dismiss.

As a result, a stay would serve the interests of judicial efficiency by postponing a

decision on important, novel issues until after the Tenth Circuit has clarified the law.  See <u>Brin v.</u>

<u>State</u>, No. 97-4243-SAC, 2000 WL 1542830, at *3 (D. Kan. Sept. 19, 2000) (staying an action in

order to "conserv[e] . . . judicial resources" pending a relevant ruling by the United States

Supreme Court); see also Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. Envtl.

Prot. Agency, 630 F. Supp. 2d 295, 305 (S.D.N.Y. 2009) ("[J]udicial resources are best

conserved by waiting for the [appellate court] to issue its decision.").

### B.      A Temporary Stay Will Not Prejudice the Plaintiff.

The Board will not be prejudiced by a temporary stay.  This is not a situation in which the

Board will be forced to "stand aside while a litigant in another settles the rule of law that will

define the rights of both".  Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.,

Inc., 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting Landis, 299 U.S. at 254–55).   To the

contrary, the Board here will not be "standing aside" at all – it will have a direct hand in

litigating the appeal from RBS and settling the rule of law that will apply here.  Moreover, the

Board will not be prejudiced by a short delay to allow the Tenth Circuit to clarify the law.

### C.      A Temporary Stay Will Benefit the Parties.

A temporary stay will benefit all the parties.  As Judge Rogers recognized in certifying

the appeal from RBS, a ruling by the Tenth Circuit could "significantly narrow the scope of

discovery and the proof that the parties would present at trial".  RBS, 2012 WL 4210500, at *4.

Indeed, because the Tenth Circuit "will have the discretion to decide any issue reasonably bound

up in [RBS]", the impact of its decision could extend to any of the various legal issues common

to both this case and the RBS case.  Id. (citing Yamaha Motor Cop. v. Calhoun, 516 U.S. 199,

205 (1996) ("[T]he appellate court may address any issue fairly included within the certified

order because it is the order that is appealable, and not the controlling question identified by the

district court.") (quotations omitted); see also Notice of Suppl. Authority in Support of Pls.' Opp.

to Defs.' Mot. to Dismiss Concerning NCUA v. RBS Securities, Inc. (ECF No. 56) (the Board

noting that it "asserted claims [in RBS] virtually identical to those here" and summarizing certain

issues common to the two cases).  Such streamlining could prevent unnecessary costs.  RBS,

2012 WL 4210500, at *4; see also In re Bear Stearns Mortg. Pass-Through Certificates Litig.,

No. 08 Civ. 8093(LTS), slip op. at 1 (S.D.N.Y. May 16, 2012) (Ex. 6) (staying action pending

appellate court ruling on statute of limitation tolling issues).

> **D.     A Temporary Stay Will Be In the Interest of (1) the Public and (2) Non-Parties.**

RMBS cases that survive a motion to dismiss will burden non-parties, including third-

party loan due diligence providers, former employees of the defendants, and other individuals

with access to information and documentation potentially relevant to the Board's claims.  The

Tenth Circuit's review of RBS may potentially reduce the impact and cost imposed upon these

non-parties by narrowing the scope of this action.  More generally, a temporary stay would also

serve public interest because "conserving judicial resources" is a "vital public interest".

Cosgrove v. Kansas Dept. of Soc. and Rehabilitative Servs., 744 F. Supp. 2d 1178, 1184 (D.

Kan. 2010).  Continuing with these proceedings absent guidance from the Tenth Circuit could, if

this Court's rulings are later contradicted by the Tenth Circuit, result in the wasting of resources

of the parties and the Court in contravention of the public interest.

             *                         *                         *

The Court should temporarily stay proceedings in this action and defer ruling on the

Motion to Dismiss pending the Tenth Circuit's ruling on the appeals from RBS, which may

narrow the issues before this Court and save both the parties and this Court from needless

expenditure of resources.  Beltronics, 545 F. Supp. 2d at 1190; Brin, 2000 WL 1542830, at *3;

Bear Stearns, slip op. at 1(Ex. 6).

## CONCLUSION

For the aforementioned reasons, the J.P. Morgan Defendants respectfully request that the

Court temporarily stay proceedings in this action and defer ruling on the J.P. Morgan

8

Defendants' Motion to Dismiss the Complaint (ECF No. 28) pending the Tenth Circuit's review

of <u>National Credit Union Administration Board v. RBS Securities, Inc.</u>, Civ. Nos. 11-2340-RDR

& 11-2649-RDR, 2012 WL 3028803 (D. Kan. July 25, 2012).

Respectfully submitted,

/s/  John W. Shaw
John W. Shaw (KS # 70091)
Thomas P. Schult (KS # 70463)
Jennifer B. Wieland (KS # 22444)
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108

<u>Of Counsel</u>

Daniel Slifkin (NY # 2439768)
dslifkin@cravath.com
Michael A. Paskin (NY # 2767507)
mpaskin@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000 (tel.)
(212) 474-3200 (fax)

<u>Counsel for Defendants J.P. Morgan
Securities LLC, J.P. Morgan Acceptance
Corporation I and Bond Securitization, LLC</u>

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ John W. Shaw
Counsel for Defendants J.P. Morgan
Securities LLC, J.P. Morgan Acceptance
Corporation I and Bond Securitization, LLC

9