EXHIBIT 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-5887-GW(JEMx) | Date | January 30, 2012 |
| Title | *National Credit Union Administration Board v. RBS Securities, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Pat Cuneo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Marc M. Seltzer / David C. Frederick
George A. Zelcs

Attorneys Present for Defendants:

Rita M. Haeusler / Christopher C. Choiu
Barbara S. Steiner / R. Alexander Pilmer
Tammy A. Tsoumas / Richard H. Kuhlman

PROCEEDINGS: DEFENDANTS RBS SECURITIES INC. AND RBS ACCEPTANCE INC.'S MOTION TO DISMISS (filed 09/30/11);

DEFENDANTS NOMURA ASSET ACCEPTANCE CORP. AND NOMURA HOME EQUITY LOAN, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6) (filed 09/30/11);

DEFENDANT WACHOVIA MORTGAGE LOAN TRUST, LLC'S MOTION TO DISMISS (filed 10/03/11)

The Court's Tentative Ruling is circulated and attached hereto. Court hears further oral argument.

For reasons stated on the record, the above-entitled motions are **TAKEN UNDER SUBMISSION.** Court to issue ruling.

: 25

Initials of Preparer  JG

*Nat'l Credit Union Admin. Bd., as Liquidating Agent of W. Corp. Fed. Credit Union v. RBS Secs., Inc., f/k/a RBS Greenwich Capital Markets, Inc., et al.*, Case No. CV 11-5887, Tentative Rulings on: (1) Defendants RBS Securities Inc. (f/k/a RBS Greenwich Capital Markets, Inc.) and RBS Acceptance Inc. (f/k/a Greenwich Capital Acceptance, Inc.)'s Motion to Dismiss; (2) Defendants Nomura Asset Acceptance Corp. and Nomura Home Equity Loan, Inc.'s Motion to Dismiss; and (3) Defendant Wachovia Mortgage Loan Trust, LLC's Motion to Dismiss

The Court is in receipt of the supplemental materials (Docket Nos. 111, 111-1, 111-2, 114-118, and 120-125, 125-1, 125-2 and 125-3) filed by the parties in connection with the motions first heard December 19, 2011. After reviewing those items, the Court would indicate as follows.

### The "Extender" Statute and Statute of Repose

The parties' supplemental filings have not changed the Court's view of whether the "Extender" statute, 12 U.S.C. § 1787(b)(14), operates to extend the statute of repose present in 15 U.S.C. § 77m. It is certainly far too late in the day for Plaintiff[1] to attempt to argue that 15 U.S.C. § 77m *only* contains statutes of limitation, and *no* statute of repose. *See, e.g., Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991); *S.E.C. v. Rind*, 991 F.2d 1486, 1489 (9th Cir. 1993)[2]; *Davis v. Birr, Wilson & Co., Inc.*, 839 F.2d 1369, 1374 (9th Cir. 1988) (Aldisert, J., concurring). Nor, in light of the plain language of section 1787(b)(14), does it matter that the Court's approach to this issue produces a result that is "surpassing strange" or of "significant consequence" to

---

[1] All short-form references to the parties herein use the same designations as the Court applied in its December 19, 2011, tentative ruling.

[2] Plaintiff's reliance upon *Rind* in its supplemental briefing is misplaced. Drawing from the Supreme Court's then-recent decision in *Lampf*, *Rind* dealt with whether a statute of limitations that the Courts were forced to devise because a private right of action under section 10(b) was only implied would also apply to an S.E.C. enforcement action. *See Rind*, 991 F.2d at 1489-90. It concluded that "[t]here is no reason to assume that an opinion discussing private claims under section 10(b) covers public enforcement suits brought under an entirely different section of the 1934 Act." *Id.* at 1490. First, it is not clear that this case is at all analogous to an S.E.C. enforcement action, insofar as Plaintiff has essentially stepped into the shoes of WesCorp. Second, there is nothing judge-created or implied about the section 77m statutes of limitation/repose. *United States v. Summerlin*, 310 U.S. 414 (1940), another case upon which Plaintiff relies, merely notes that "[i]t is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights" and concerned whether the state in question had "transgressed the limits of state power." *Id.* at 416-17. First, section 77m is not a *state* statute. Second, the 3-year period is a statute of repose, not a statute of limitation.

Plaintiff. Indeed, it would be "surpassing strange" for the Supreme Court in *Guaranty Trust Co. of N.Y. v. United States*, 304 U.S. 126, 136 (1938), to have resolved, in 1938, the statute of limitations/statute of repose distinction as being no distinction at all, only for courts to have repeatedly distinguished the two over the past 70-plus years. Indeed, if that were the case, the Ninth Circuit's observation in *McDonald v. Sun Oil Co.*, 538 F.3d 774, 781 (9th Cir. 2008), of "ambiguity" in the term "statute of limitations" as of 1986 would make no sense, because if *Guaranty Trust* were gospel on this point the *single* term would *always* be taken as referring to *both*. The Court's analysis of the statute of repose issue in its December 19, 2011, tentative ruling remains its view on the matter, and is incorporated herein by reference.

      As a result of that conclusion, it would seem that all of Plaintiff's federal claims would be barred, although there is some limited amount of remaining uncertainty on that question. Plaintiff asserts that certain of the federal claims would still be viable because of *American Pipe*[3] tolling, but does not appear to indicate which of those claims would fall within that category. It claims that defendant RBS conceded that *American Pipe* tolling would apply by virtue of a footnote in RBS's opening brief on its motion to dismiss (Docket No. 75 at 25 n.71). The Court interpreted RBS's position in that regard as indicating that <u>if</u> there were any claims subject to *American Pipe* tolling they would not be barred, not as a concession that there <u>were</u> such claims. Thus, the Court might ask RBS for its views on this question and whether it would concede that certain of Plaintiff's federal claims would not be affected by the operation of the statute of repose. Of course, some courts have concluded that *American Pipe* tolling does *not* apply to statutes of repose. *See, e.g., In re Lehman Bros. Secs. & ERISA Litig.*, 800 F.Supp.2d 477, 481-82 (S.D.N.Y. 2011); *In re IndyMac Mortg.-Backed Secs. Litig.*, 793 F.Supp.2d 637, 642 (S.D.N.Y. 2011); *see also Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524 (9th Cir. 2011) (certifying question regarding interaction between *American Pipe* tolling and state statute of repose to Arizona Supreme Court), *answered by* 254 P.3d 360 (Ariz. 2011) (concluding that filing of motion for class certification did not toll statute of repose for

---

[3] *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

individual class members).[4]

At least some (or, as Plaintiff asserts, *all*) of Plaintiff's state law-based claims would not be barred by the applicable statute of repose, however, because the state statute employs a longer, 5-year, period. *See* Cal. Corp. Code §§ 25401, 25501, 25506(b).

At a minimum, because Plaintiff only appears to assert *American Pipe* tolling *vis a vis* RBS, it would appear that its case against Nomura, Wachovia and IndyMac should be dismissed without leave to amend, as each of those defendants demonstrates that Plaintiff only has federal claim(s) against them and that all of Plaintiff's purchases of the Certificates related to them are governed and protected by the statute of repose in 15 U.S.C. § 77m.

### Statute of Limitations-Related Pleading Obligation

As part of its tentative ruling issued December 19, 2011, the Court also assessed whether Plaintiff would have to plead something more than it already had in order to demonstrate compliance with the applicable statutes of limitation. Given its approach to the statute of repose issue, the Court need only resolve this issue with respect to Plaintiff's federal claims if indeed there are any viable federal claims as a result of *American Pipe* tolling (and that survive the other arguments for why the "Extender" statute should not apply to them).

If there are such claims, the Court has noted that *Toombs v. Leone*, 777 F.2d 465 (9th Cir. 1985) deals directly with section 12 claims and requires that a plaintiff "affirmatively plead sufficient facts in his complaint to demonstrate conformity with the statute of limitations." *Id.* at 468. Because the Supreme Court's decision in *Merck & Co., Inc. v. Reynolds*, 130 S.Ct. 1784 (2010) dealt not with Securities Act section 12 (or section 11) claims, but with Securities Exchange Act section 10(b) claims, it is not necessarily clear that it or the Ninth Circuit would take the same approach to any section 11/12 pleading burden, though there is seemingly a strong argument for why the *Merck* approach would obviate the *Toombs*-established pleading burden. Moreover, for the reasons addressed in the Court's December 19, 2011, tentative ruling, the Ninth Circuit's

---

[4] Depending on the outcome of that discussion, the Court might have to directly address the other arguments raised for why the "Extender" statute does not apply to claims based on federal law.

3

recent decision in *Strategic Diversity, Inc. v. Alchemix Corp.*, __ F.3d __, 2012 WL 164091 (9th Cir. Jan. 20, 2012),[5] another section 10(b) case, does not change the Court's view of this question. *Chin v. Capital Group Companies, Inc. (In re American Funds Securities Litigation)*, 395 Fed. Appx. 485 (9th Cir. Sept. 17, 2010), a non-precedential decision in a case also involving a section 10(b) claim (in addition to a section 12 claim), simply remanded for further consideration in light of *Merck*. As a result, the Court cannot definitively conclude that *Toombs*, a case adopting an approach that the Ninth Circuit has already openly criticized, is no longer good law. *See Johnson v. Aljian*, 490 F.3d 778, 781 n.13 (9th Cir. 2007).

Plaintiff's state claims, however, were not covered by the Ninth Circuit's relevant analysis in *Toombs*.[6] As a result, the Court is not presented with on-point precedent involving those claims, such that *Merck* might be understood as a persuasive basis to conclude that Plaintiff need not plead anything further on the statute of limitations question than it already has, leaving any defendant to its burden of demonstrating that the limitations affirmative defense applies.

In the end, even if there are surviving federal claims, Plaintiff has made a strong case for why it would be a somewhat pointless exercise to require Plaintiff to plead anything more than it already has in connection with the limitations question. The Court has already taken the approach that, even considering all of the materials the various defendants have presented on the issue, it *cannot* reach the conclusion, *as a matter of law*, that Plaintiff should have discovered the basis for its various claims at a time such that the statutes of limitation would have expired prior to the filing of this suit. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 951 (9th Cir. 2005); see also *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). The parties' supplemental briefing on this point only confirms that this approach to the issue was correct. Moreover, this is seemingly true even if the Court concludes that Plaintiff's case is based, at least as it relates to certain Certificates, only on

---

[5] The original opinion in *Strategic Diversity* was issued December 2, 2011.
[6] Only one court within the Ninth Circuit appears to have explicitly reached the conclusion that the requirement recognized in *Toombs* does apply to state claims such as Plaintiff's. *See Erickson v. Kiddie*, No. C-85-4798 MHP, No. C-85-4798 MHP, 1986 WL 15654, *3 (N.D. Cal. Dec. 30, 1986); *Erickson v. Kiddie*, No. C-85-4798 MHP, 1986 U.S. Dist. LEXIS 28941, *28 (N.D. Cal. Feb. 24, 1986). It is not clear from where that court drew that conclusion, however.

4

"statistics," as Plaintiff has presented sufficient reason to question whether all – or enough – of those "statistics" had accumulated or been made available at a time outside of the applicable statutes of limitation. Requiring Plaintiff to amend only for the Court to reach that conclusion again would not make much sense, in that light. As a result, with respect to any claims that do ultimately survive the statute of repose-based analysis, the Court would deny any request to dismiss based on an argument of inadequate statute of limitations-based allegations.

### *Twombly/Iqbal*

Plaintiff's supplemental briefing has not convincingly demonstrated that the Court was incorrect in its first assessment of whether and how the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), apply to this situation. Plaintiff has presented no reason sufficient for the Court to change its view that the factual "statistics" Plaintiff largely relies upon to support its claims of systematic disregard of underwriting standards are analogous to the factual allegations consistent with an unlawful conspiracy that were present in the pleadings in *Twombly*.[7] In *Twombly*, after all, the plaintiffs had alleged that the defendants' agreement not to compete amongst themselves was to be inferred from 1) the defendants' common failure to meaningfully pursue "'attractive business opportunities in contiguous markets where they possessed "substantial competitive advantages"'" and 2) the statement by one defendant's CEO that competing in the territory of another of the defendants "might be a good way to turn a quick dollar but that doesn't make it right." *Twombly*, 550 U.S. at 551. Nonetheless, the Supreme Court found these factual allegations insufficient. Some might consider this to have been an unreasonable approach to take to the issue at the pleading stage, especially in the antitrust context, but it was the *Supreme Court* that took that approach. *Iqbal* later followed up on *Twombly* by confirming that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," indicating further that a court need not accept as true conclusory allegations that appear in a complaint. *See Iqbal*, 129 S.Ct. at 1949.

Thus, the analysis as presented in the Court's tentative ruling issued on December

---

[7] Plaintiff's drunk driver example in its supplemental briefing is patently inapposite to a situation where there could be a host of reasons – some legitimate, others not – for a result.

5

19, 2011, provides a justifiable basis for dismissing Plaintiff's Complaint with leave to amend. At the same time, Plaintiffs refer the Court to numerous decisions in this area that appear to take a different view of the matter, or at least that find the type of allegations present here nevertheless sufficient under *Twombly* and *Iqbal*. Whether or not these (largely) district court decisions have taken the correct approach to the issue is somewhat uncertain, in this Court's eyes. There is very little appellate court authority directly considering the question, with apparently only *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 773 (1st Cir. 2011), somewhat on point. As a result, it is once again a judgment call the Court will have to make as to whether or not Plaintiff has done enough to demonstrate that its allegation of the systematic disregard of underwriting guidelines is plausible as opposed to simply possible. Whether or not the Court orders a dismissal with leave to amend as to those claims that survive the statute of repose-based analysis or instead simply denies the motions as to those claims depends upon how the Court resolves this *Twombly/Iqbal* question.[8] At this point, the Court is inclined to the former.

---

[8] As the Court noted in connection with its earlier tentative ruling, claims based upon 6 of the Certificates at issue are in the most precarious position because Plaintiff's allegations respecting those six are based *only* upon "statistics."