# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL HOUSING FINANCE AGENCY, etc.,

          Plaintiff,

-v-

UBS AMERICAS, INC., et al.

          Defendants;

And other FHFA cases.

11 Civ. 5201 (DLC)
11 Civ. 6188 (DLC)
11 Civ. 6189 (DLC)
11 Civ. 6190 (DLC)
11 Civ. 6192 (DLC)
11 Civ. 6193 (DLC)
11 Civ. 6195 (DLC)
11 Civ. 6196 (DLC)
11 Civ. 6198 (DLC)
11 Civ. 6200 (DLC)
11 Civ. 6201 (DLC)
11 Civ. 6202 (DLC)
11 Civ. 6203 (DLC)
11 Civ. 6739 (DLC)
11 Civ. 7010 (DLC)
11 Civ. 7048 (DLC)

## EXPERT SCHEDULING ORDER

WHEREAS, the Court has required that expert scheduling be determined in a manner that does not disrupt the deadlines for trial previously set by the Court;

WHEREAS, the parties have presented alternative proposals to accomplish that objective;

WHEREAS, the Court orally established the parameters at a November 15, 2012 hearing and asked the parties to memorialize this ruling in writing;

WHEREAS, the Court has considered the parties' proposed orders of November 19, 2012;

WHEREAS, certain procedures governing the re-underwriting schedule shall govern expert discovery and expert reports for the Tranche 1 and 2 cases only, subject to a review of efficacy of these procedures by the parties and this Court;

IT IS NOW HEREBY ORDERED that the following schedule shall govern expert discovery and expert reports in the above-captioned actions:

I.  **Procedures Governing Re-underwriting Schedule as to Tranche 1 and 2 Cases**

1. For each Securitization at issue, with respect to all loans in the samples identified by FHFA (the FHFA "Sample Loans"), the parties shall work together promptly on a good faith basis to identify all documents relating to the Sample Loans that comprise the loan origination files, whether in hard copy paper or electronic format, including from any electronic systems or database (the "Loan Files"), and all underwriting guidelines applicable to such loans, including Manuals, Reference Guides, matrices, and updates to such guidelines (the "Guidelines").

2. As to each FHFA Sample Loan where Loan File documents and Guidelines have been identified, the parties shall endeavor to reach agreement by stipulation that such Loan File and Guidelines are, respectively, the best representation of the Loan File and Guidelines existing at the time of the loan's origination that the parties have been able to recreate as of the time of such agreement. Such a stipulation shall not preclude any party from asserting at trial that the Loan File and Guidelines, as stipulated, are different from the Loan File and Guidelines that existed at the time of the loan's origination, nor limit the reasons for or rebuttals to any such assertion.

3. Upon the identification and stipulation as to Loan Files and Guidelines applicable to Sample Loans pursuant to paragraphs 1 and 2 hereof, FHFA shall commence its factual re-underwriting review of such loans. For purposes of this Order, the re-underwriting review refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, and does not refer to assessments of prudent underwriting or industry practice. Upon completion of its re-underwriting review for at least seventy-five (75) percent of the

Sample Loans for any given Securitization, FHFA shall disclose its initial factual findings resulting from such review ("Findings"). If FHFA determines that such Sample Loans do not comply with the Guidelines, FHFA's Findings shall be in the form of a chart or worksheet that adequately categorizes the basis for such determination of non-compliance; the parties shall endeavor in good faith to agree upon the format of such a chart or worksheet for FHFA's Findings and Defendants' Rebuttal Findings (as defined in paragraph 6 hereof) in order to allow a ready comparison of Findings against Rebuttal Findings. FHFA shall disclose its Findings by Securitization, on a rolling basis, at a rate of at least two thousand Loans per month, and shall endeavor to make such disclosures on a weekly basis.

4. For any FHFA Sample Loan as to which the parties are unable to identify and to stipulate pursuant to paragraphs 1 and 2 hereof, FHFA may elect either (a) within 10 days after an impasse is reached as to that Sample Loan, to replace the FHFA Sample Loan with another loan (in which event the parties shall again endeavor to identify and to stipulate to applicable Loan Files and Guidelines pursuant to paragraphs 1 and 2 hereof), or (b) to retain the FHFA Sample Loan, in which case FHFA need not disclose its Findings for that loan as set forth in paragraph 3 hereof.

5. Within 21 days of the receipt of FHFA's Findings for a given Securitization, the Defendants to claims regarding such Securitization shall notify FHFA whether they intend to make use of any alternative set of loans in such Securitization for purposes of re-underwriting or otherwise (an "Alternative Set"), and, if so, Defendants shall identify such Alternative Set by loan number such that FHFA may replicate Defendants' analysis. Further, no later than 21 days after FHFA's disclosure of Findings as to the Sample Loans for fifty (50) percent of the Securitizations for any case, Defendants shall notify FHFA whether they intend to make use of

any set of loans drawn on any basis other than by such Securitizations and, if so, Defendants shall identify such basis and such Alternative Set by loan number such that FHFA may replicate Defendants' analysis. Within 45 days of the receipt of Defendants' identification of any Alternative Sets drawn on any basis other than by such Securitizations, FHFA shall identify any other set of loans of which it intends to make use ("Plaintiff's Alternative Set"). The parties shall be precluded from making use of any Alternative Set not identified as set forth herein, except for good cause shown.

6.  Within 28 days of the receipt of FHFA's Findings for a given Securitization, the Defendants to claims regarding such Securitization shall disclose rebuttal findings ("Rebuttal Findings"), based upon Defendants' re-underwriting review, as to the Sample Loans re-underwritten by FHFA. Consistent with paragraph 3, the re-underwriting review refers to the identification of failures on the face of the Loan Files when matched against the Guidelines, and does not refer to assessments of prudent underwriting or industry practice.

7.  FHFA may modify any of its Findings without prejudice for any reason if that modification is made reasonably promptly (within 28 days of receipt of Defendants' Rebuttal Findings) or is made at any other time for good cause. Defendants may modify any of their respective Rebuttal Findings without prejudice for any reason if that modification is made reasonably promptly or is made at any other time for good cause. Good cause includes (a) a party's determination of an inadvertent error in its Findings or Rebuttal Findings, or (b) the discovery of additional documents that may constitute, in whole or in part, the Loan File or applicable Guidelines underlying those Findings or Rebuttal Findings. In the event that the parties disagree about what constitutes good cause, such dispute shall be presented to the Court for resolution. There is a presumption that good cause cannot be shown where such additional

documents impact more than ten (10) percent of the FHFA Sample Loans for any given Securitization. If Loan Files or Guidelines for more than ten percent of the FHFA Sample Loans for a given Securitization are modified pursuant to this paragraph 7, then the party tendering the additional documents shall bear the costs of the other party in repeating the re-underwriting of the loan. Any modification of Findings or Rebuttal Findings shall be without prejudice to the opposing party to modify its Findings or Rebuttal Findings, as applicable, in response to such modification.

8. Neither FHFA's Findings nor Defendants' Rebuttal Findings shall constitute expert reports or expert testimony pursuant to Federal Rule of Civil Procedure 26, or contention interrogatory responses pursuant to Federal Rule of Civil Procedure 33. Such Findings and Rebuttal Findings shall not be used for any purpose except as expressly provided for herein, including that they shall not be used as evidence, whether for purposes of discovery, examination, impeachment, expert disqualification, or otherwise. The issuance of such Findings and Rebuttal Findings shall not bar either party from offering evidence or expert opinions based on sources other than the Loan Files or Guidelines, including expert opinions bearing on such Findings. If an expert adopts any Findings or Rebuttal Findings for purposes of a report or testimony, such Findings or Rebuttal Findings will be treated as any other expert testimony. Except through the modification procedure described above, no party or its expert(s) may assert any previously undisclosed defect resulting from re-underwriting for which disclosure was required. Without good cause shown, no party may offer evidence or expert opinion that makes use of any set of loans that is governed by, but was not disclosed pursuant to, the schedule set forth in this Order.

9. FHFA's Findings and Defendants' Rebuttal Findings shall be treated as Confidential pursuant to the Protective Order entered in these actions.

## II. Expert Schedule

### Tranche 1 (UBS)

10. By December 17, 2012, substantially all of the applicable guidelines and applicable loan file documents in the sample identified by FHFA shall be produced and shall be identified and stipulated pursuant to paragraph 1.

11. The parties shall serve their re-underwriting expert reports by May 3, 2013.

12. The parties shall serve any rebuttal re-underwriting expert reports and any additional expert reports on any issue for which they bear the burden of proof by June 4, 2013.

13. The parties shall serve any rebuttal non-re-underwriting expert reports and any expert report on any issues for which they do not have the burden of proof by July 12, 2013.

14. The parties shall complete depositions of expert witnesses no later than August 16, 2013.

### Tranche 2 (JPMorgan, Merrill Lynch)

15. By January 31, 2013, substantially all of the applicable guidelines and applicable loan file documents in the samples identified by FHFA shall be produced and shall be identified and stipulated pursuant to paragraph 1.

16. The parties shall serve their re-underwriting expert reports by August 5, 2013.

17. The parties shall serve any rebuttal re-underwriting expert reports by October 7, 2013.

18. The parties shall serve their non-re-underwriting expert reports on any issue for which they bear the burden of proof by October 25, 2013.

19. The parties shall serve any rebuttal non-re-underwriting expert reports by December 2, 2013.

20. Expert discovery shall end on, and the parties shall complete depositions of expert witnesses no later than, January 6, 2014.

### Tranches 3-4 (All Other Cases)

21. By January 31, 2013, FHFA and Defendants in the Tranche 3 and Tranche 4 cases shall advise the Court of whether the parties believe it shall be effective to extend the provisions of this Order to such Tranches, or of any disagreements regarding the efficacy of such approach. By that same date, the same parties will advise the Court of proposed dates for expert discovery in the Tranche 3 and Tranche 4 cases.

SO ORDERED:

Dated:   New York, New York
         November 26, 2012

_____
DENISE COTE
United States District Judge