IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, )
 )
        Plaintiff, )
 )
  v. )   Case No. 11-2341-JWL
 )
J.P.MORGAN SECURITIES LLC.; )
J.P. MORGAN ACCEPTANCE )
CORPORATION I; AMERICAN HOME )
MORTGAGE ASSETS LLC; and )
BOND SECURITIZATION, LLC, )
 )
        Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on the JPM defendants' motion to dismiss (Doc. # 28). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to claims based on two certificates, as set forth herein; however, plaintiff is granted leave to amend its complaint, on or before **September 17, 2013**, to cure the noted pleading deficiency. The motion is otherwise denied.

### **I.    Background**

Plaintiff National Credit Union Administration Board brings this suit as

conservator and liquidating agent of the following four credit unions: U.S. Central Federal Credit Union ("U.S. Central"), Western Corporate Federal Credit Union ("WesCorp"), Members United Corporate Federal Credit Union ("Members United"), and Southwest Corporate Federal Credit Union ("Southwest"). The suit relates to 34 different residential mortgage-backed securities ("RMBS" or "certificates"), each purchased by one of the credit unions between February 2006 and July 2007. By the present suit, filed on June 20, 2011, plaintiff brings claims under the federal Securities Act of 1933 and under California, Kansas, Illinois and Texas statutes, based on alleged untrue statements or omissions of material facts relating to each RMBS. Defendant J.P. Morgan Securities LLC was the underwriter or seller for the certificates, while defendants J.P. Morgan Acceptance Corporation I, American Home Mortgage Assets LLC ("American Home"), and Bond Securitization, LLC issued the certificates.[1] Defendant American Home has not appeared in this action. The other defendants ("the JPM defendants") have moved to dismiss all claims.

Plaintiff has brought eight other similar suits, involving different certificates, in this district, which cases have been re-assigned to the undersigned judge. In one of those actions, Case No. 12-2648, by Memorandum and Order dated April 8, 2013, the Court granted in part and denied in part the motion to dismiss filed by the Credit Suisse defendants ("Credit Suisse"). *See National Credit Union Admin. Bd. v. Credit Suisse*

---

[1] Another alleged issuer, IndyMac MBS, Inc., was originally named as a defendant, but plaintiff has dismissed its claims against that entity.

*Sec. (USA) LLC*, __ F. Supp. 2d __, 2013 WL 1411769 (D. Kan. Apr. 8, 2013) ("*Credit Suisse*"). In that opinion, the Court held as follows: (1) Credit Suisse did not show that the Court lacked venue over plaintiff's claims asserted on behalf of credit unions WesCorp and Southwest; (2) plaintiff's claims were not untimely as a matter of law with respect to the applicable one- and two-year discovery limitations periods; (3) the so-called Extender Statute, 12 U.S.C. § 1787(b)(14), which provides the limitations period for claims brought by plaintiff as conservator or liquidator, applies to federal and statutory claims; (4) the Extender Statute displaces both limitations periods in the otherwise-applicable federal (Section 13, 15 U.S.C. § 77m) and state statutes; (5) plaintiff's three-year limitations period under the Extender Statute was triggered by plaintiff's appointment as conservator for a credit union, not by its later appointment as liquidator; (6) the Extender Statute's three-year limitations period may not be extended by a tolling agreement; (7) plaintiff's assertion of *American Pipe* tolling with respect to its federal claims based on some certificates did not fail as a matter of law at this stage; and (8) plaintiff's substantive allegations were sufficient to state plausible and cognizable claims against Credit Suisse. In some of its rulings, the Court followed the reasoning of Judge Rogers in ruling on a motion to dismiss in another of these nine similar cases (before the case was reassigned). *See id.* (citing *National Credit Union Admin. Bd. v. RBS Sec., Inc.*, 900 F. Supp. 2d 1222 (D. Kan. 2012) ("*RBS*")). Last week, in an interlocutory appeal in *RBS*, the Tenth Circuit affirmed Judge Rogers with respect to two of the issues listed above, holding that the Extender Statute does apply to federal

3

and statutory claims and does displace Section 13's three-year limitations period. *See National Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, __ F.3d __, 2013 WL 4516997 (10th Cir. Aug. 27, 2013).

After issuing its opinion in *Credit Suisse*, the Court invited the parties in seven of the other similar cases (one case had not yet been filed) to submit briefs addressing (a) the application of the Court's rulings in *Credit Suisse* to the motions to dismiss filed by the defendants in those cases and (b) the specific issue of the enforceability of plaintiff's tolling agreements.

**II.     Analysis**

A.     The Court notes that the JPM defendants, in their supplemental briefing in support of their motion to dismiss, have not renewed their arguments relating to the sufficiency of plaintiff's substantive allegations (with one exception, noted below), the application of the discovery limitations periods, the displacement of Section 13's limitations periods by the Extender Statute, the application of the Extender Statute to statutory claims, and the application of *American Pipe* tolling in situations in which the named class actions plaintiffs did not purchase the particular certificate or tranche at issue in the present case. Thus, the JPM defendants have not distinguished the Court's *Credit Suisse* rulings concerning those issues, and the Court resolves the issues in plaintiff's favor in this case as well, for the reasons stated in *Credit Suisse* and as held

4

by the Tenth Circuit in the appeal in *RBS*.[2] The JPM defendants have also failed to renew in their supplemental briefs their argument that plaintiff's allegations in support of its Kansas state-law claims were insufficient with respect to the element of scienter; thus, the Court concludes that the JPM defendants have abandoned that basis for dismissal at this time.[3]

B. The JPM defendants argue that plaintiff's federal-law claims on behalf of Members United and Southwest with respect to six particular certificates should be dismissed because the applicable three-year statute of repose for such claims (from Section 13 of the Securities Act) had already expired when the Extender Statute's limitations periods were triggered by plaintiff's appointment as conservator for those credit unions. Defendants note that plaintiff did not plead *American Pipe* tolling for the claims based on those certificates, as it did with respect to other certificates. In response, plaintiff alleges that those claims are in fact subject to *American Pipe* tolling. In reply, defendants do not dispute that such tolling could apply to those claims; instead, they argue that plaintiff was required to plead such tolling and that plaintiff should not now

---

[2]In their initial brief, the JPM defendants also argued that *American Pipe* tolling should not apply to plaintiff's state-law claims. In its initial response, plaintiff stated that it does not assert such tolling with respect to those claims, and plaintiff has not appeared to alter that position with respect to this particular case in its supplemental brief. Accordingly, the Court need not address that argument here (although it has addressed it in one of the similar cases).

[3]In the joint supplemental briefs submitted by the JPM defendants and defendants in other similar cases, the defendants did renew other arguments from their initial briefs that were not implicated by the Court's *Credit Suisse* opinion.

5

be permitted to amend its tolling allegations. This Court previously held in *Credit Suisse*, however, that a plaintiff is not necessarily required to plead such facts in anticipation of a limitations defense, *see Credit Suisse*, 2013 WL 1411769, at *4-5, and the Court applies that same ruling here. Thus, plaintiff may assert *American Pipe* tolling with respect to these certificates for the first time at this stage, and the JPM defendants' motion to dismiss these claims as time-barred is denied.

C. In *Credit Suisse*, the Court followed and applied the ruling by Judge Rogers in *RBS* that plaintiff's allegations were sufficient with respect to certificates with originators that were specifically alleged to have abandoned underwriting standards. *See id.* at *14 (citing *RBS*, 900 F. Supp. 2d at 1253-55). Based on that ruling, the JPM defendants seek the dismissal of plaintiff's claims based on two particular certificates (JPMAC 2006-HE1, JPMAC 2006-WMC3), on the basis that the complaint does not include specific allegations concerning those certificates' originators. Plaintiff does not dispute that, under the Court's prior ruling, those certificates would be subject to dismissal in the absence of such allegations; thus, the Court grants the motion to dismiss plaintiff's claims with respect to those two certificates.

Plaintiff, however, seeks leave to amend its complaint to cure this pleading deficiency by adding allegations about two specific originators for those certificates. Plaintiff notes that it has included specific allegations about those originators in two of the other similar cases. The JPM defendants oppose this request for leave to amend; they have not identified any particular prejudice from an amendment at this time, however.

6

Accordingly, the Court grants plaintiff leave to amend its complaint as requested. *See* Fed. R. Civ. P. 15(a)(2) (court should freely give leave to amend when justice so requires). Plaintiff may file an amended complaint on or before **September 17, 2013**.

IT IS THEREFORE ORDERED BY THE COURT THAT the JPM defendants' motion to dismiss (Doc. # 28) is **granted in part and denied in part**. The motion is granted with respect to claims based on two certificates, as set forth herein; however, plaintiff is granted leave to amend its complaint, on or before **September 17, 2013**, to cure the noted pleading deficiency. The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 3rd day of September, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge